Ross Charap (RC-2584)
Paul M. Fakler (PF-0249)
Julie Stark (JS-8925)
Amanda J. Schaffer (AS-2004)
MOSES & SINGER LLP
405 Lexington Avenue
New York, New York 10174-1299
Tel.: 212-554-7800
Fax: 212-554-7700
pfakler@mosessinger.com
*Attorneys for Plaintiff, Bourne Co.*





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

BOURNE CO.,

        Plaintiff,

- against -

TWENTIETH CENTURY FOX FILM
CORPORATION, FOX BROADCASTING
COMPANY, TWENTIETH CENTURY FOX
TELEVISION, INC., TWENTIETH CENTURY
FOX HOME ENTERTAINMENT, INC., FUZZY
DOOR PRODUCTIONS, INC., THE CARTOON
NETWORK, INC., SETH MACFARLANE,
WALTER MURPHY,

        Defendants.
------------------------------------------------------------ X

**07 CIV 8580**

07 Civ.

**COMPLAINT AND
JURY DEMAND**

Plaintiff, Bourne Co. ("Bourne"), for its Complaint against Defendants Twentieth Century Fox Film Corporation ("Fox Film"), Fox Broadcasting Company ("Fox Broadcasting"), Twentieth Century Fox Television, Inc. ("Fox Television"), Twentieth Century Fox Home Entertainment, LLC ("Fox Home Entertainment") (collectively, the "Fox Defendants"), Fuzzy Door Productions, Inc. ("Fuzzy Door"), The Cartoon Network, Inc. ("Cartoon Network"), Seth MacFarlane ("MacFarlane") and Walter Murphy

("Murphy"), by its counsel Moses & Singer LLP, alleges upon information and belief as to facts concerning others and upon personal knowledge as to facts concerning Bourne, as follows:

## NATURE OF THE ACTION

1. This action arises from Defendants' willful infringement of Plaintiff's copyright interests in the famous and iconic song, "When You Wish Upon a Star."

2. "When You Wish Upon a Star" is one of the most famous songs of all time. The song was originally written for the classic Walt Disney film, *Pinocchio*. Since then, the song has been recorded by over 100 performing artists and has become a cultural treasure, epitomizing the wonders of childhood and the powers of love, hope and belief. Bourne is the sole copyright owner of "When You Wish Upon a Star."

3. Some time in 2000, MacFarlane, Murphy, Fuzzy Door and certain of the Fox Defendants created an episode of their television show, The Family Guy, titled "When You Wish Upon a Weinstein." This episode centers around the main character's inability to manage his family's finances and his bigoted belief that he needs to hire a Jewish person to take care of his money. The centerpiece of this frequently anti-Semitic story is a song, sung by the main character, titled "I Need a Jew" (the "Infringing Song"). This song consists of a thinly-veiled copy of the music from "When You Wish Upon a Star," coupled with new anti-Semitic lyrics. The creation of the Infringing Song, a derivative work based upon "When You Wish Upon a Star," was done without the authorization of Bourne.

4. Although the Fox Defendants initially withheld "When You Wish Upon a Weinstein" from distribution in recognition of how offensive the episode is (even by the

standards of a show that prides itself on offensive content), the episode was eventually broadcast in syndication and re-runs, including by Defendants Cartoon Network and Fox Broadcasting. The episode, including the Infringing Song, was also eventually distributed to the public in various home video formats by Fox Home Entertainment. Defendants have distributed well over one million copies of the episode with the Infringing Song. Defendants have earned significant sums of money from these acts of infringement.

5. Defendants' infringing activities have also caused substantial and irreparable harm to Bourne, and have harmed the value and reputation of "When You Wish Upon a Star" by associating the famous song with a vile and outrageous anti-Semitic message. Bourne has attempted to negotiate a resolution to this dispute with the Fox Defendants, but was rebuffed in those efforts.

6. Defendants' steadfast refusal to cease their willful infringement, even when presented with the harm that such infringement is causing Bourne, leaves Bourne with no choice but to bring this action for copyright infringement, seeking injunctive relief to prevent Defendants' further dissemination of the Infringing Song, and also damages to compensate Bourne for Defendants' willful and wanton behavior.

## JURISDICTION AND VENUE

7. Bourne brings this action for willful copyright infringement in violation of the Copyright Act, 17 U.S.C. §101, et seq.

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

9. This Court has personal jurisdiction over the Fox Defendants and Cartoon Network because each of them maintains a continuous business presence within the State of New York and is doing business in New York. This Court has personal jurisdiction over all Defendants because their infringing activities have taken place within the State of New York and have harmed Bourne within the State of New York.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) with respect to Defendants because each of them, or their agents, reside or may be found within this District, including by virtue of the fact that copies of the Infringing Song have been distributed within this District.

## PARTIES

11. Plaintiff Bourne, founded in 1919, is one of the world's largest international music publishing companies. Bourne owns and licenses a catalogue of songs covering the entire spectrum of musical genres, including hits by some of America's greatest songwriters, such as Charles Chaplin, Bob Wills, James Van Heusen, Harold Arlen, Jester Hairston, Johnny Burke, Jimmy Durante, Langston Hughes, Peter Green and Lou Handman. Bourne has its principal place of business in New York, New York.

12. Defendant Fox Film is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles, California. Fox Film has registered to do business in the State of New York and has a business presence in New York, New York.

13. Defendant Fox Broadcasting is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Los

Angeles, California. Fox Broadcasting has registered to do business in the State of New York and has a business presence in New York, New York.

14. Defendant Fox Television is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles, California. Fox Television has registered to do business in the State of New York and has a business presence in New York, New York.

15. Defendant Fox Home Entertainment is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles, California. Fox Home Entertainment has registered to do business in the State of New York and has a business presence in the State of New York.

16. Defendant Fuzzy Door is corporation duly organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California. Fuzzy Door is a co-producer of The Family Guy.

17. Defendant Cartoon Network is a corporation duly organized and existing under the laws of the State of Delaware, with principal places of business in New York, New York and Atlanta, Georgia.

18. Defendant MacFarlane is an individual residing in Los Angeles, California. MacFarlane is the creator, producer and writer of The Family Guy. MacFarlane is an owner and principal of Fuzzy Door, and co-created the original elements of the Infringing Song.

19. Defendant Murphy is an individual residing in Los Angeles, California. Murphy is a composer for The Family Guy and co-created the original elements of the Infringing Song.

**BOURNE'S OWNERSHIP OF "WHEN YOU WISH UPON A STAR"**

20. The song "When You Wish Upon a Star" was written by Ned Washington and Leigh Harline. The song was first introduced to the public through the 1940 Walt Disney motion picture *Pinocchio*, in which it was sung by Cliff Edwards as the voice of the character Jiminy Cricket. The song became a massive hit and won the Academy Award in 1940 for Best Original Song. The American Film Institute recently ranked it seventh in the AFI's 100 Greatest Songs in Film History. The beautiful and heartfelt lyrics are known the world over:

> When you wish upon a star
> Makes no difference who you are
> Anything your heart desires
> Will come to you
>
> If your heart is in your dream
> No request is too extreme
> When you wish upon a star
> As dreamers do
>
> Fate is kind
> She brings to those who love
> The sweet fulfillment of
> Their secret longing
>
> Like a bolt out of the blue
> Fate steps in and sees you through
> When you wish upon a star
> Your dream comes true

21. "When You Wish Upon a Star" has only grown in popularity since it was introduced in 1940. It has been recorded by over 100 different artists and orchestras and

has been used extensively in commercials, television and film. With its theme of wholesome hopefulness, the song has gained worldwide status as a classic.

22.     Bourne is the sole United States copyright owner of "When You Wish Upon a Star." Bourne's predecessor in interest, Irving Berlin, Inc., duly registered the copyright in 1940 and Bourne renewed its registration in 1967. Bourne has complied with all requisite formalities pursuant to the Copyright Act. A copy of Bourne's registration and renewal of copyright are annexed hereto as Exhibit A.

## DEFNDANTS'S INFRINGING ACTIVITIES

23.     Defendants MacFarlane, Fuzzy Door, Fox Film and Fox Television have created and produced an animated television series titled The Family Guy. The Family Guy series, often considered an inferior knock-off of the popular animated series The Simpsons, centers around the Griffin family, headed by bumbling father Peter Griffin. The Family Guy frequently relies upon outrageous and offensive content to attract its viewership.

24.     During the second season of The Family Guy, in 2000, Defendants MacFarlane, Murphy, Fuzzy Door, Fox Film and Fox Television produced an episode titled "When You Wish Upon a Weinstein." In this episode, the Peter character is tricked into giving away his wife's savings. The consequences of this blunder lead Peter to decide that he needs help with his personal finances, and in particular he needs help from a Jewish person based on his belief in the stereotype that all Jews are good with financial matters.

25.     The centerpiece of the episode is the Infringing Song, written by MacFarlane and Murphy, titled "I Need a Jew," which Peter sings out the window of his

house to the starry nighttime sky. The Infringing Song takes the music from "When You Wish Upon a Star" with minor modifications to the melody, and replaces that song's well known lyrics with the following:

> Nothing else has worked so far
> So I'll wish upon a star
> Wondrous shining speck of light
> I need a Jew
>
> Lois makes me take the rap
> Cause our checkbook looks like crap
> Since I can't give her a slap
> I need a Jew
>
> Where to find
> A Baum or Steen or Stein
> To teach me how to whine
> And do my taxes
>
> Though by many they're abhorred
> Hebrew people I've adored
> Even though they killed my Lord
> I need a Jew

26. Although "When You Wish Upon a Weinstein" was originally intended to air as part of the second season of The Family Guy, one or more of the Fox Defendants decided not to broadcast the episode in recognition of the offensive and anti-Semitic nature of the episode and the Infringing Song in particular.

27. The episode was eventually released to syndication and was first aired by Cartoon Network on or about November 10, 2003. The episode has subsequently been aired by Fox Broadcasting and others and continues to be aired in syndication in the United States and throughout the world.

28. "When You Wish Upon a Weinstein," including the Infringing Song, was first distributed on home video by Fox Home Entertainment on or about September 9,

2003 as part of the Family Guy Season Three DVD set, which has been continuously sold since that time. The episode and Infringing Song were again distributed on home video by Fox Home Entertainment on or about December 14, 2004 on the Family Guy – The Freakin' Sweet Collection DVD, which also has been continuously sold since that time. The Infringing Song has also been distributed in other media and formats, including PSP.

29. Defendants did not seek or receive Bourne's authorization for their various uses of "When You Wish Upon a Star" in the creation and exploitation of the Infringing Song. Such unauthorized uses of Bourne's copyrighted work constitute willful copyright infringement.

30. Defendants' infringing activities have caused and will continue to cause Bourne great and irreparable harm. By associating Bourne's song with such offensive lyrics and other content in the episode, Defendants are harming the value of the song. Unless restrained and enjoined by this Court, Defendants will persist in their unlawful activities, thereby causing further damage and irreparable harm to Bourne.

31. Due to this irreparable harm, Bourne has no adequate remedy at law.

### Count I: Copyright Infringement

32. Bourne hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 31 of this Complaint.

33. This claim is brought pursuant to the Copyright Act, 17 U.S.C. § 101, et seq., seeking injunctive and monetary relief.

34. Under Section 106 of the Copyright Act, 17 U.S.C. § 106, Bourne has the exclusive rights to 1) reproduce "When You Wish Upon a Star" in copies or

phonorecords; 2) prepare derivative works based upon its song; 3) distribute copies or phonorecords of the song to the public; and 4) perform the song publicly, among other exclusive rights. The aforesaid acts of Defendants constitute willful infringement of Bourne's exclusive rights.

35. The aforesaid acts of Defendants have caused, and are continuing to cause, great and irreparable harm to Bourne, which cannot be adequately compensated by monetary damages. Unless permanently restrained by this Court, such irreparable harm will continue.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bourne requests judgment against Defendants, jointly and severally, as follows:

1. That Defendants, and each of their officers, directors, agents, servants, employees and representative, and those persons in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from any copying, performance, distribution or any other use or exploitation of the Infringing Song or any other work substantially similar to "When You Wish Upon a Star."

2. That Defendants be ordered to destroy all copies of the Infringing Song within their possession, custody or control, including all copies residing on digital media or computer hardware.

3. That Defendants be directed to file with this Court and to serve upon Bourne within thirty (30) days after service upon Defendants of this Court's order or injunction issued in this action, a written report by Defendants, signed under oath, setting

forth in detail the manner in which Defendants have complied with the injunction and order of destruction.

4. That Bourne be awarded its actual damages and Defendants' profits from the infringement in an amount to be proven at trial, or, at Bourne's election, statutory damages of not less than $150,000, pursuant to 17 U.S.C. § 504.

5. That Bourne be awarded its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C § 505.

6. That the Court award Bourne any and all further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff Bourne hereby demands trial by jury, pursuant to Fed. R. Civ. P. 38(b), for all issues so triable.

Dated: October 3, 2007
New York, New York

MOSES & SINGER LLP

By: _____
Ross Charap (RC-2584)
Paul M. Fakler (PF-0249)
Julie Stark (JS-8925)
Amanda J. Schaffer (AS-2004)
405 Lexington Avenue
New York, New York 10174-1299
Tel.: 212-554-7800
Fax: 212-554-7700
pfakler@mosessinger.com

*Attorneys for Plaintiff, Bourne Co.*

# *EXHIBIT A*

Irving Berlin, Inc.
New York, N.Y.
Title of music: When You Wish Upon A Star:
Featured in picture "Pinocchio"; lyric by
Ned Washington; Music by Leigh Harline,
of United States.

Date of publication Jan. 5, 1940.   Copies received Jan. 8, 1940
Entry: Class E, pub. No. 82126

[SEAL]

C. L. Bouvé
Register of Copyrights.

U. S. GOVERNMENT PRINTING OFFICE: 1939

---

E PUB.

THE LIBRARY OF CONGRESS
COPYRIGHT OFFICE OF THE UNITED STATES OF AMERICA
WASHINGTON

CERTIFICATE OF COPYRIGHT REGISTRATION

*This is to certify,* in conformity with section 55 of the Act to Amend and Consolidate the Acts respecting Copyright approved March 4, 1909, as amended by the Act approved March 2, 1913, that TWO copies of the MUSICAL COMPOSITION named herein have been deposited in this Office under the provisions of the Act of 1909, and that registration of a claim to copyright for the first term of 28 years from the date of publication of said composition has been duly made in the name of

[OVER]

SEP.25.2007   3:24PM                                                    NO.222   P.6/7

Page 3

# Certificate of Registration of a Claim to Renewal Copyright

**FORM R**
REGISTRATION NO.
R 406100
DO NOT WRITE HERE

This Is To Certify that the statements set forth on this certificate have been made a part of the records of the Copyright Office. In witness whereof the seal of the Copyright Office is hereto affixed.

*Abraham L. Kaminstein*
Register of Copyrights
United States of America

1. **Renewal Claimant(s), Address(es), and Statement of Claim:**
   (a) Name ... BOURNE INC.
   Address ... 136 W. 52nd St, New York, N.Y.
   Claiming as ... Prop. of copyright in work made for hire by Ned Washington and Leigh Harline

   (b) Name ...
   Address ...
   Claiming as ...

   (c) Name ...
   Address ...
   Claiming as ...

2. (a) Title:
   WHEN YOU WISH UPON A STAR

   (b) Renewable Matter:

   (c) Contribution to Periodical or Other Composite Work:

   _____ (Title of periodical or composite work)
   If a periodical, give: Vol. ____; No. ____; Issue ____; Date ____

3. **Authors of Renewable Matter:**
   NED WASHINGTON AND LEIGH HARLINE

4. **Facts of Original Registration:**

Original registration number: Class ___EP___; No. ___82126___

If registered as published, give date of publication ___Jan. 5, 1940___

If registered as unpublished, give date of registration ___

Original copyright claimant ___Bourne Inc.___
                             ___Irving Berlin, Inc. *___

Complete all applicable spaces on next page

EXAMINER 

SEP.25.2007  3:24PM                                                   NO.222  P.7/7

**5. Deposit account:**

Bourne Co.

**6. Send correspondence to:**

Name Adele Z Sandler                                Address

**7. Send certificate to:**

(Type or print name and address)

Name: Bourne Co.
Address: 136 West 52nd Street (Number and street)
New York (City)    N.Y. (State)    10019 (ZIP code)

### Information concerning renewal copyright

Two important points must be kept in mind with respect to renewal copyright: (1) there are strict time limits for securing it, and (2) it can be claimed only by certain specified persons named in the law.

### Time limits

*When to renew.* The original term of copyright in a published work lasts for 28 years from the date of publication; in the case of a work originally registered in unpublished form, the copyright term lasts for 28 years from the date of registration in the Copyright Office. In either case, the copyright may be renewed for a second 28-year term only if a claim is registered in the Copyright Office within the last (28th) year of the original copyright term. For example, a work copyrighted on June 15, 1940, would be eligible for renewal between June 15, 1967, and June 15, 1968.

*Caution:* Unless a valid renewal claim and fee are received in the Copyright Office before the first copyright term expires, copyright protection is lost permanently and the work enters the public domain. The Copyright Office has no discretion to extend the renewal time limits.

### How to register your claim

*Procedure to follow.* Complete an application for renewal registration on Form R and send it to the Register of Copyrights, Washington, D.C., 20540. The application should be accompanied by the registration fee of $4. Do not send copies of the work.

### Who may claim renewal

Except in the case of five specific types of works, the law gives the right to claim renewal to the individual author of the work, regardless of who owned the copyright during the original term. If the author is deceased, the statute gives the right to claim renewal to certain of his statutory beneficiaries as explained below. The present owner (proprietor) of a copyright is entitled to claim renewal *only* in the five cases listed in Paragraph B, below.

A. The following persons may claim renewal in all types of works except those enumerated in Paragraph B, below:

1. The author, if living. State the claim as: *the author.*

2. The widow, widower, and/or children of the author, if the author is not living. State the claim as: *the widow (widower) of the author* .................. (Name of author) and/or *the child (children) of the deceased author* .................. (Name of author)

3. The author's executor(s), if the author left a will and if there is no surviving widow, widower, or child. State the claim as: *the executor(s) of the author* .................. (Name of author)

4. The next of kin of the author, if the author left no will and if there is no surviving widow, widower, or child. State the claim as: *the next of kin of the deceased author* .................. (Name of author) *there being no will.*

B. In the case of the following five types of works, the proprietor (owner of the copyright at the time of renewal registration) may claim renewal:

1. Posthumous work (work first published and copyrighted after the death of the author). State the claim as: *proprietor of copyright in a posthumous work.*

2. Periodical, cyclopedic, or other composite work. State the claim as: *proprietor of copyright in a composite work.*

3. "Work copyrighted by a corporate body otherwise than as assignee or licensee of the individual author." State the claim as: *proprietor of copyright in a work copyrighted by a corporate body otherwise than as assignee or licensee of the individual author.* (This type of claim is considered appropriate in relatively few cases.)

4. Work copyrighted by an employer for whom such work was made for hire. State the claim as: *proprietor of copyright in a work made for hire.*

5. Print or label originally registered in the Patent Office prior to July 1, 1940. State the claim as: *proprietor of copyright in a print or label.*

| FOR COPYRIGHT OFFICE USE ONLY | |
|---|---|
| Application received<br>MAR 20 1967 | |
| Fee received | *Amended by Copyright Office (CRL) |

U.S. GOVERNMENT PRINTING OFFICE: 1965—O—791-352          (Dec. 1965—50,000)                    Page 4