Jonathan Zavin (JZ-1846)
Jacques Rimokh (JR-0745)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
BOURNE CO.,                                              :

          Plaintiff,                                    :

          -against-                                    :

TWENTIETH CENTRY FOX FILM                                :     07 Civ. 8580 (DAB)
CORPORATION, FOX BROADCASTING
COMPANY, TWENTIETH CENTURY FOX                           :     **ANSWER**
TELEVISION, INC., TWENTIETH
CENTURY FOX HOME                                         :
ENTERTANIMENT, INC., FUZZY DOOR
PRODUCTIONS, INC., THE CARTOON                           :
NETWORK, INC., SETH MACFARLANE,
and WALTER MURPHY,                                       :

          Defendants.                                   :

-------------------------------------------------------- X

      Defendants Twentieth Century Fox Film Corporation ("Fox Film"), including its unit, Twentieth Century Fox Television ("Fox Television") incorrectly named herein as Twentieth Century Fox Television, Inc., Fox Broadcasting Company ("Fox Broadcasting"), Twentieth Century Fox Home Entertainment LLC ("Fox Home Entertainment"), formerly known as Twentieth Century Fox Home Entertainment, Inc. (referred to herein collectively as the "Fox Defendants"), Fuzzy Door Productions, Inc. ("Fuzzy Door"), The Cartoon Network, Inc. ("Cartoon Network"), Seth MacFarlane ("MacFarlane") and Walter Murphy ("Murphy"), by

NY688237.3
202894-10011

their attorneys, Loeb & Loeb LLP, hereby respond to the Complaint of plaintiff Bourne Co. ("Bourne" or "Plaintiff"), as follows:

1. Deny the allegations of paragraph 1 of the Complaint, except admit that "When You Wish Upon A Star" (the "Song") is a famous and iconic song.

2. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 2 of the Complaint, except admit that the Song is a very famous song that has attained cultural significance.

3. Deny the allegations of paragraph 3 of the Complaint, except admit that in 2000, Fox Film produced an episode, for which defendants MacFarlane and Murphy rendered certain creative services, of the comedic series *Family Guy* titled "When You Wish Upon a Weinstein" (the "Episode") that included a parodic song referred to as "I Need a Jew" (the "Parody Song"), and respectfully refer the Court to the Episode and Parody Song for a complete and accurate description of their nature and content. Defendants further admit that the Parody Song was created without the authorization of Bourne, and deny that any such authorization was required.

4. Deny the allegations of paragraph 4 of the Complaint, except admit that the Episode was initially not telecast by Fox Broadcasting as part of season two, was later telecast by Fox Broadcasting, and was first telecast and then later telecast as re-runs by Cartoon Network. Defendants further admit that the Episode was distributed to the public in the United States on DVD by Fox Home Entertainment and that over one million copies of the Episode have been distributed as part of certain DVD box set collections of *Family Guy* episodes.

5. Deny the allegations of paragraph 5 of the Complaint, except admit that the parties engaged in settlement discussions in an attempt to resolve this dispute.

6. Deny the allegations of paragraph 6 of the Complaint.

7. Deny the allegations of paragraph 7 of the Complaint, except admit that Bourne purports to bring this action for copyright infringement.

8. Admit the allegations of paragraph 8 of the Complaint.

9. Deny the allegations of paragraph 9 of the Complaint, except admit that Defendants do not challenge that this Court has personal jurisdiction over them for purposes of this matter.

10. Deny the allegations of paragraph 10 of the Complaint, except admit that Defendants do not challenge that venue is appropriate in this Court for purposes of this matter.

11. Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 11 of the Complaint.

12. Admit the allegations of paragraph 12 of the Complaint.

13. Admit the allegations of paragraph 13 of the Complaint.

14. Deny the allegations of paragraph 14 of the Complaint, except admit that Fox Television is a unit of Fox Film.

15. Admit the allegations of paragraph 15 of the Complaint.

16. Deny the allegations of paragraph 16 of the Complaint, except admit that Fuzzy Door is a California corporation with its principal place of business in the Los Angeles area, and that Fuzzy Door lends the services of defendant MacFarlane for *Family Guy*.

17. Deny the allegations of paragraph 17 of the Complaint, except admit that Cartoon Network is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.

18.  Deny the allegations of paragraph 18 of the Complaint, except admit that MacFarlane is an individual residing in Los Angeles, California, that he is the creator, a producer and a writer of *Family Guy*, that he is an owner and principal of Fuzzy Door, and that he is a co-creator of the Parody Song.

19.  Deny the allegations of paragraph 19 of the Complaint, except admit that Murphy is an individual residing in Los Angeles, California, that he is a composer for *Family Guy* and that he is a co-creator of the Parody Song.

20.  Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 20 of the Complaint, except admit that the Song appears in the Walt Disney motion picture *Pinocchio*, and respectfully refer the Court to the Song for a complete and accurate description of its nature and content.

21.  Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 21 of the Complaint, except admit that the Song became very popular and can be, and has been, seen as having a "theme of wholesome hopefulness" and is considered a "classic."

22.  Deny knowledge or information sufficient to form a belief as to the truth the allegations of paragraph 22 of the Complaint.

23.  Deny the allegations of paragraph 23 of the Complaint, except admit that MacFarlane and Fox Film, through its unit Fox Television, created and/or produced the animated comedic television series *Family Guy*, which often engages in provocative parodic humor, and is well-known for doing so.

24.  Deny the allegations of paragraph 24 of the Complaint, except admit that MacFarlane and Fox Film, through its unit Fox Television, created and/or produced an episode

of *Family Guy* titled "When You Wish Upon A Weinstein," and respectfully refer the Court to the Episode for a complete and accurate description of its nature and content.

25. Deny the allegations of paragraph 25 of the Complaint, except admit that the Parody Song appears in the Episode, and respectfully refer the Court to the Episode and Parody Song for a complete and accurate description of their nature and content.

26. Deny the allegations of paragraph 26 of the Complaint, except admit that the Episode was produced to be aired as part of the second season, but was not telecast until later by Fox Broadcasting.

27. Deny the allegations of paragraph 27 of the Complaint, except admit that the Episode was first telecast by Cartoon Network on or about November 9, 2003, and that the Episode was subsequently telecast by Fox Broadcasting in the United States.

28. Deny the allegations of paragraph 28, except admit that the Episode, including the Parody Song, was first distributed on home video by Fox Home Entertainment on or about September 9, 2003 as part of the *Family Guy* "Volume 2, Season 3" DVD box set, which has remained on sale since that time. Defendants further admit that the Episode was also distributed on DVD by Fox Home Entertainment on or about December 14, 2004 as part of the "*Family Guy*-The Freakin' Sweet Collection" DVD, which has also been on sale since that time, and that the foregoing two collections have also been distributed on UMD for PSP.

29. Deny the allegations of paragraph 29 of the Complaint, except admit that Defendants did not seek Plaintiff's authorization for the Parody Song, and deny that any such authorization was necessary.

30. Deny the allegations of paragraph 30 of the Complaint.

31. Deny the allegations of paragraph 31 of the Complaint.

### As and For a Response to "Count I"

32. In response to paragraph 32 of the Complaint, Defendants repeat as if fully set forth herein their foregoing responses to the allegations contained in paragraphs 1 through 31 of the Complaint.

33. Deny the allegations of paragraph 33 of the Complaint, except admit that Bourne purports to bring this action pursuant to the Copyright Act.

34. Deny the allegations of paragraph 34 of the Complaint.

35. Deny the allegations of paragraph 35 of the Complaint.

### AFFIRMATIVE DEFENSES

36. By alleging the matters set forth below, Defendants do not thereby allege, admit or imply that they have the burden of proof with respect to any of the said matters.

### First Affirmative Defense

37. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

38. Plaintiff's claim is barred in its entirety by the copyright doctrine of fair use, as codified in section 107 of the Copyright Act.

### Third Affirmative Defense

39. Plaintiff's claim is barred, in whole or in part, by the protections afforded by the First Amendment to the United States Constitution.

### Fourth Affirmative Defense

40. Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

### Fifth Affirmative Defense

41.   Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

42.   Plaintiff's claim is barred, in whole or in part, by the doctrines of waiver and estoppel.

WHEREFORE, Defendants respectfully request judgment against Plaintiff as follows:

i)   Dismissing the Complaint in its entirety with prejudice; and

ii)   Awarding Defendants their costs, including reasonable attorneys' fees, incurred in defending this action; and ordering Plaintiff to pay the same to Defendants; and

iii) That such other and further relief be awarded to Defendants that this Court deems just, proper and equitable.

Dated: New York, New York
November 19, 2007

                                          LOEB & LOEB LLP

                                        By: _____
                                        Jonathan Zavin (JZ -1846)
                                        Jacques Rimokh (JR-0745)
                                        345 Park Avenue
                                        New York, New York 10154-1895
                                        (212) 407-4000

                                        Attorneys for Defendants