Jonathan Zavin (JZ-1846)
Jacques Rimokh (JR-0745)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BOURNE CO.,                                                :

          Plaintiff,                                  :

         -against-                                       :

TWENTIETH CENTURY FOX FILM                    :
CORPORATION, FOX BROADCASTING                      07 Civ. 8580 (DAB)
COMPANY, TWENTIETH CENTURY FOX    :
TELEVISION, INC., TWENTIETH                         **REPORT OF RULE 26(f) MEETING**
CENTURY FOX HOME                                       :
ENTERTANIMENT, INC., FUZZY DOOR
PRODUCTIONS, INC., THE CARTOON        :
NETWORK, INC., SETH MACFARLANE,
and WALTER MURPHY,                                     :

         Defendants.                                  :

-----------------------------------------------------------X

      In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, counsel for defendants Twentieth Century Fox Film Corporation ("Fox Film"), including its unit, Twentieth Century Fox Television ("Fox Television") incorrectly named herein as Twentieth Century Fox Television, Inc., Fox Broadcasting Company ("Fox Broadcasting"), Twentieth Century Fox Home Entertainment LLC ("Fox Home Entertainment"), formerly known as Twentieth Century Fox Home Entertainment, Inc. (referred to herein collectively as the "Fox Defendants"), Fuzzy Door Productions, Inc. ("Fuzzy Door"), The Cartoon Network, Inc. ("Cartoon Network"), Seth

MacFarlane ("MacFarlane") and Walter Murphy ("Murphy") (referred to herein collectively, together with the Fox Defendants, as "Defendants") and counsel for plaintiff Bourne Co. ("Bourne" or "Plaintiff") conferred by telephone on December 18, 2007 and January 15, 2008 to consider:

>(1) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;
>
>(2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;
>
>(3) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and
>
>(4) any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

**Proposed Discovery Schedules**

The parties' counsel discussed the basis for the claim, the potential bases for defenses and the nature of discovery they anticipated to require from each other. The parties could not agree on the scope and timing of discovery for this case. Primarily, Plaintiff will not agree to Defendants' proposal to bifurcate discovery on liability and damages, and to allow time for the parties to make, and the Court to decide, summary judgment motions before engaging in damages discovery. Accordingly, the parties' each present their respective proposals for timing of discovery in this case.

**Plaintiff's Proposal:**

| | |
|---|---|
| Close of fact discovery | July 1, 2008 |
| Exchange expert reports | August 8, 2008 |
| Exchange expert rebuttal reports | September 12, 2008 |
| Close of the expert discovery | November 14, 2008 |
| Summary judgment motions due | February 2, 2009 |

Plaintiff's proposed discovery schedule will have the entire dispute submitted for summary judgment, if appropriate, in just over one year. This proposal includes separate discovery tracks for fact and expert discovery, because expert testimony may be necessary for certain issues relating to both liability and remedies. Such expert testimony will necessarily be based, at least in part, on information adduced in fact discovery. Plaintiff believes that bifurcation of this case into separate segments for liability and remedies is not warranted and is likely to result in longer delay, greater expense, and needless duplication of effort for the parties and the Court.

As a preliminary matter, the factual issues relating to liability and remedies contain areas of overlap. For example, questions of the economic harm to Plaintiff must be considered in the fair use analysis relevant to liability, as well as in determining Plaintiff's damages and right to injunctive relief. Defendants' intent with respect to their use of Plaintiff's song is similarly relevant both to fair use and remedies. The extent of Defendants' copying, performance and distribution of the infringing work will also be relevant to liability as well as damages.

Moreover, damages discovery will not be unusually complicated in this case. Such discovery will involve establishing the gross revenues the Defendants received from exploitation of the infringing song, and the amount of deductible costs for those revenues allowed by

copyright law. To the extent Defendants choose to argue for apportionment of those revenues, at most this will require the testimony of one expert on a fairly narrow issue. These issues are present in almost every copyright infringement case. In every case, a defendant would like to bifurcate liability and damages in hope that it might possibly avoid damages discovery by prevailing on summary judgment during the liability phase. Nonetheless, cases are rarely bifurcated, and Defendants have not presented any unusual circumstances in this case that would warrant departing from the usual procedure.

Not only is bifurcation unwarranted, but it would also be inefficient. Unless Defendants obtain absolute victory on liability summary judgment (and on appeal), the parties under Defendants' proposal will have to engage in two rounds of discovery, potentially two rounds of summary judgment motions and two appeals. In Plaintiff's view, it is highly unlikely that two rounds of discovery, briefing and appeals would be more efficient, faster, less expensive and less burdensome than one round covering all issues.

Plaintiff also disagrees with Defendants' proposal to stay discovery entirely so that they may make a pre-discovery summary judgment motion for reasons that are explained more fully in Plaintiff's letter to the Court in opposition to Defendants' request for a pre-motion conference with respect to making such a motion. To summarize those reasons, fair use is one of the most fact-intensive and case-specific determinations in all of copyright law. The questions of Defendants' purpose in using Plaintiff's song, whether more was used than necessary to achieve that purpose, and the economic harm caused by the use are all issues that are not necessarily self-evident from the works themselves, and which require fact and perhaps expert discovery. Plaintiff asserts it would be unfair to allow Defendants to introduce testimony by affidavit in support of its summary judgment motion without allowing Plaintiff to test the veracity of that

testimony through discovery.

**Defendants' Proposal:**

Defendants propose to bifurcate discovery between liability and damages issues, with the goal of filing a summary judgment motion far earlier than Plaintiff proposes. Defendants have informed Plaintiff and the Court that they intend, as soon as permitted by the Court, to move for summary judgment on the grounds that Defendants' song, "I Need a Jew" (which Plaintiff claims is an infringement of its song "When You Wish Upon a Star"), as it was used in an episode of the *Family Guy* comedy television series titled "When You Wish Upon a Weinstein," is a protected fair use under section 107 of the Copyright Act. Courts regularly determine fair use/parody on summary judgment.

*Family Guy*, is an animated comedy television series that is widely-known for its absurd and often parodic humor. The show has been telecast and distributed nationwide in the home video market since 2000. There is no reason, for example, to engage in costly and time-consuming damage discovery in this case, to determine if one song in one episode is a fair use. Damages discovery in this case will be especially onerous because it will require determining the profits attributable to an alleged copied portion of the music for one song in one episode of an already popular television series. Such discovery would likely include experts and documents regarding income from and costs (including Studio overhead) relating to the exploitation of the episode -- which would have to be allocated among the income and costs from all other episodes with which it was packaged, and then allocated further between the episode, the song and then the allegedly infringing portions of the song. All of this would be far more expensive, burdensome and time consuming than the discovery concerning the fair use defense, where the

discovery would be limited to a few witnesses and limited documents. Also, contrary to plaintiff's assertions, none of this has anything to do with whether the Song in issue is a protected fair use. Nor is there any significant "overlap" in liability and damage discovery – for example the question of market substitution under fair use is quite different than the calculation of damages. Plaintiff's schedule would require Defendants to litigate the case for more than a year, at the cost of hundreds of thousands of dollars, before getting a judicial determination on the narrow but determinative question of fair use. In order to attempt to resolve this case quickly, therefore, Defendants propose two alternatives:

### Defendants' Proposal 1

All discovery will be stayed, and Defendants will be allowed to move for summary judgment on fair use on or before February 29, 2008. If, after receiving Defendants' motion, Plaintiff believes that it cannot present facts essential to its opposition without discovery, then it may submit an affidavit, pursuant to Fed. R. Civ. P. 56(f), specifying the reasons it needs discovery and what specific discovery it needs to address the motion. If the Court determines that Plaintiff is entitled to such discovery (or the Defendants agree to such discovery), it can order a continuance of the motion and allow the parties to conduct limited discovery targeted exclusively at any outstanding material factual issue in the motion. If the Court determines that Plaintiff has not met its burden under Fed. R. Civ. P. 56(f) by demonstrating a need for discovery in order to oppose the motion, the Court can then set a schedule for Plaintiff's opposition papers and Defendants' reply.

### Defendants' Proposal 2

In the alternative, Defendants propose that discovery be bifurcated between liability and damages, and that the discovery cutoff date for all fact discovery relating to liability (including experts, if any) be set at June 1, 2008. The parties may make any summary judgment motions within 30 days thereafter. All discovery on the issue of damages would be stayed until resolution of the summary judgment motion(s). This case presents compelling justification for bifurcation. The issues on liability are narrow, completely distinct from damages issues and are subject to early resolution by summary judgment.

## Initial Disclosures

Plaintiff served its Initial Disclosures on December 14, 2007. Defendants shall serve their Initial Disclosures on or before January 18, 2008.

## Number of Depositions and Interrogatories

Neither side's counsel proposes modifications to the number and duration of depositions or the number of interrogatories set forth in the Federal Rules of Civil Procedure.

## Electronically Stored Information

The parties have begun discussing their obligations with respect to discovery involving electronically stored information ("ESI"), consistent with the requirements of the Federal Rules of Civil Procedure as amended on December 1, 2006, but have not yet reached agreement on these issues.

### Plaintiff's Proposal:

To the extent that any ESI is produced in response to any discovery request, such ESI should be produced in the native format in which it is kept by the producing party, including all embedded metadata. To the extent an automated search is performed to locate responsive documents, the parties should cooperate to agree the names of material custodians and on search terms to be used.

### Defendant's Proposal

To the extent that any ESI is produced in response to any discovery request, such ESI shall be produced in TIF form, without metadata. To the extent an automated search is performed to locate responsive documents, the parties shall attempt to agree on the names of

material custodians and search terms to be used, in order to attempt to reduce the burden on the producing party.

**Proposed Orders**

In addition to the order regarding bifurcation of discovery between damages and liability discussed above, unless the parties cannot otherwise agree, Defendants intend to seek a protective order regarding the production and handling of confidential information in this action.

**Settlement or Other Resolution**

The parties have discussed potential settlement of this action. However, they were unable to reach an agreement.

Dated: January ___, 2008
New York, New York

| MOSES & SINGER LLP | LOEB & LOEB LLP |
|---|---|
| *(signature)* | *(signature)* |
| Ross Charap (RC-2584) | Jonathan Zavin (JZ-1846) |
| Paul M. Fakler (PF-0249) | Jacques M. Rimokh (JR-0745) |
| Julie Stark (JS-8925) | 345 Park Avenue |
| Amanda J. Schaeffer (AS-2004) | New York, NY 10154-0037 |
| 405 Lexington Ave | Tel.: (212) 407-4000 |
| New York, NY 10174-1299 | Fax: (212) 407-4990 |
| Tel.: (212) 554-7800 | |
| Fax: (212) 554-7700 | |
| Attorneys for Plaintiff | Attorneys for Defendants |