Ross Charap (RC-2584)
Paul M. Fakler (PF-0249)
Julie Stark (JS-8925)
Amanda J. Schaffer (AS-2004)
MOSES & SINGER LLP
405 Lexington Avenue
New York, New York 10174-1299
Tel.: 212-554-7800
Fax: 212-554-7700
pfakler@mosessinger.com
*Attorneys for Plaintiff, Bourne Co.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

BOURNE CO.,

        Plaintiff,

  - against -

TWENTIETH CENTURY FOX FILM
CORPORATION, FOX BROADCASTING
COMPANY, TWENTIETH CENTURY FOX
TELEVISION, INC., TWENTIETH CENTURY
FOX HOME ENTERTAINMENT, INC., FUZZY
DOOR PRODUCTIONS, INC., THE CARTOON
NETWORK, INC., SETH MACFARLANE,
WALTER MURPHY,

        Defendants.
------------------------------------------------------------- X

07 Civ. 8580 (DAB)

**RESPONSES TO DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S FIRST REQUEST FOR ADMISSIONS**

Plaintiff, Bourne Co. ("Bourne"), by their attorneys Moses & Singer LLP, hereby respond to the First Request for Admissions ("Requests") of Defendant Twentieth Century Fox Film Corporation's ("Fox") as set forth below.

## GENERAL OBJECTIONS

1.    Plaintiff objects to each Request to the extent it seeks to impose any obligation on Plaintiff beyond that provided for by the Federal Rules of Civil Procedure

and the Local Rules of the United States District Court for the Southern District of New York.

2. Plaintiff objects generally to the Requests to the extent they ask Plaintiff to admit or deny facts or information not known to Plaintiff and not in the possession, custody or control of Plaintiff.

3. Plaintiff objects to each of the Requests to the extent that it purports to seek information regarding matters not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each of the Requests to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or doctrine. The inadvertent disclosure of any information subject to such a privilege or doctrine is not intended to be and should not be deemed to be a waiver of such privilege or doctrine.

5. Plaintiff objects to each of the Requests to the extent it seeks information which is still the subject of on-going discovery.

6. No interposed objection, response or subsequent response constitutes a waiver of any objections including, without limitation, relevancy, materiality and admissibility, applicable to the specific request for admission being responded to or similar requests for admission that may be propounded in the future.

7. Plaintiff expressly reserves the right to object to the use of any response herein in any subsequent proceeding or the trial of this or any other action on any applicable grounds.

8. Plaintiff reserves its right to modify, amend, and/or supplement its responses and objections up to and through the date of trial.

9. Plaintiff objects to Instructions and Definitions Nos. 1, 9 15, 16, 18 and 24 on the ground that these Instructions and Definitions are broader than or seek to impose obligations greater than those contained in the Federal Rules of Civil Procedure of the Local Rules of the Southern District of New York, including without limitation Local Rule 26.3.

10. Each of these general objections is specifically incorporated into each Response below, regardless of whether they are restated.

## RESPONSES TO REQUESTS

**REQUEST FOR ADMISSION NO. 1:**

Admit that the Song is a famous and iconic song.

**Response:** Admitted.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the Song is performed by the voice of the character "Jiminey Cricket" [sic] in the famous Walt Disney motion picture "Pinocchio."

**Response:** Admitted.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, for decades, the Song was used in or as the theme music (and/or main opening title music) for various Walt Disney television series, such as "Disneyland" and "The Wonderful World of Disney."

**Response:** Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome and vague to the extent it seeks admission that "for decades, the Song was used in or as the theme music (and/or main opening title music)," to the extent it uses the term "Walt Disney" and to the extent it seeks admission concerning "various" unidentified television series over a span of decades. Subject to and without waiving

these objections and its General Objections, above, Plaintiff responds as follows: Denied that the entire Song was used consistently for decades in or as the theme music or main opening title music for various television series produced by the Walt Disney Company, such as "Disneyland" and "The Wonderful World of Disney." Admitted that the Song or portions of the Song were sometimes used in various ways, often as part of medleys with other songs, in the opening title music for the Walt Disney Company television series identified in the Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the Song was used by The Walt Disney Company in national advertising campaigns.

    **Response:** Plaintiff objects to this Request on the ground that it is vague to the extent it seeks admission that "the Song was used." Subject to and without waiving this objection and its General Objections, above, Plaintiff responds as follows: Denied that the Song was used in its entirety by The Walt Disney Company in national advertising campaigns. Admit that portions of the Song have been used in certain Walt Disney Company national advertising campaigns.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the Song has been used as a theme song for The Walt Disney Company.

    **Response:** Admitted.

**REQUEST FOR ADMISSION NO. 6:**

Admit that, at all times pertinent hereto, the Song was and/or is identified by the public as being associated with The Walt Disney Company, including its founder and namesake Walt Disney.

    **Response:** After reasonable inquiry, the information known or reasonably available to Plaintiff is insufficient to allow Plaintiff to admit or deny this allegation.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Walt Disney has been characterized in public as an anti-Semite.

    **Response:** Admitted.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Walt Disney has or had a reputation as being anti-Semitic.

    **Response:** Denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the public associates The Walt Disney Company with Walt Disney.

    **Response:** After reasonable inquiry, the information known or reasonably available to Plaintiff is insufficient to allow Plaintiff to admit or deny this allegation.

**REQUEST FOR ADMISSION NO. 10:**

Admit that "I Need a Jew" has not served as a substitute in the market for the Song.

    **Response:** Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that "I Need a Jew" cannot serve as a substitute in the market for the Song.

    **Response:** Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Plaintiff is not aware of any instances where a consumer or any other potential user or licensee for the Song has purchased, used or licensed "I Need a Jew" instead of the Song.

    **Response:** Denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Plaintiff has no evidence that "I Need a Jew" has harmed the market for the Song.

    **Response:** Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Plaintiff has never licensed the Song for use in a parody or satire of, or concerning, the Song, Walt Disney, or The Walt Disney Company, or any other person or thing.

**Response:** Admitted.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the television series The Family Guy is publicly known for its often parodic and/or satiric humor.

**Response:** After reasonable inquiry, the information known or reasonably available to Plaintiff is insufficient to allow Plaintiff to admit or deny this allegation.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the Song incorporates portions of the music from Debussy's "Clair de Lune."

**Response:** Denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that neither Plaintiff nor its representatives ever received any complaints from any member of the public, or any other party or person, that expressed a belief that Plaintiff licensed the Song for the Episode.

**Response:** Admitted.

Dated: February 27, 2008
New York, New York

                                        MOSES & SINGER LLP

By: _____
Ross Charap (RC-2584)
Paul M. Fakler (PF-0249)
Julie Stark (JS-8925)
Amanda J. Schaffer (AS-2004)
405 Lexington Avenue
New York, New York 10174-1299
Tel.: 212-554-7800
Fax: 212-554-7700
pfakler@mosessinger.com

*Attorneys for Plaintiff, Bourne Co.*