Fax Server 5/21/2008 3:44 PM PAGE 1/013 Fax Server
Case 1:07-cv-08580-DAB Document 26 Filed 05/22/2008 Page 1 of 1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 22, 2008

# MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800   Fax: 212.554.7700
www.mosessinger.com
Paul M. Fakler
Direct: 212.554.7632  Fax: 917.206.4336
pfakler@mosessinger.com

May 21, 2008

**VIA HAND DELIVERY**

The Honorable Deborah A. Batts
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street
Room 2510
New York, New York 10007

      Re: **Bourne Co. v. Twentieth Century Fox Film Corp., et al., 07 Civ. 8580 (DAB)**

Dear Judge Batts:

      We are counsel for Plaintiff, Bourne Co., in the above-referenced matter. We write to seek the Court's assistance with a pressing matter relating to the filing of Plaintiff's summary judgment papers, which are due this Friday, May 23. Particularly, we ask the Court for a ruling that Plaintiff may file a handful of documents designated as confidential by Defendants without the need to file under seal. We respectfully submit that these documents are not commercially sensitive or proprietary and were improperly designated as confidential by Defendants. Copies of the documents at issue are enclosed for the Court's convenience.

**DENIED
DAB
5/22/08**

      Early in discovery, the parties executed a stipulation and proposed protective order, which Defendants submitted to the Court. As of this date, the Court has not entered the proposed order. Without such a signed order, the Clerk will not allow Plaintiffs to file any part of its papers under seal. In any event, Plaintiff believes that the inclusion of the attached documents should not require filing under seal.

      The documents at issue consist of certain communications relating to the Fox Defendants' "standards and practices" review of the Family Guy episode at issue in this case. There is no commercially valuable information disclosed nor is there any "sensitive technical and research information relating to products," or "sensitive business marketing or financial information" as described in the proposed protective order. Rather, the documents detail various elements of the episode that Fox deemed controversial or offensive, and evidence a negotiation over which of these elements would have to be cut from the episode before it could be aired. Nobody who has seen the episode at issue could be surprised by the elements Fox deemed troubling or otherwise find these letters worthy of secrecy.

**SO ORDERED**

*Deborah A. Batts* 5/22/08
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

693111v1 009207.0102