USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/22/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

BOURNE CO.,

        Plaintiff,

  - against -

TWENTIETH CENTURY FOX FILM
CORPORATION, FOX BROADCASTING
COMPANY, TWENTIETH CENTURY FOX
TELEVISION, INC., TWENTIETH CENTURY
FOX HOME ENTERTAINMENT, INC., FUZZY
DOOR PRODUCTIONS, INC., THE CARTOON
NETWORK, INC., SETH MACFARLANE and
WALTER MURPHY,

        Defendants.

------------------------------------------------------------ X

07 Civ. 8580 (DAB)

**STIPULATION AND ORDER GOVERNING THE PRODUCTION
OF CONFIDENTIAL DOCUMENTS AND INFORMATION**

      Plaintiff Bourne Co. and defendants Twentieth Century Fox Film Corporation, Fox Broadcasting Company, Twentieth Century Fox Home Entertainment, Inc., Fuzzy Door Productions, Inc., The Cartoon Network, Inc., Seth MacFarlane, and Walter Murphy, by their undersigned attorneys, hereby stipulate and agree that this Stipulation and Order ("Stipulation and Order") shall govern the handling of confidential information produced or filed by any party or third party (the "Producing Party") in the above-entitled action (the "Action") under the following terms:

      1.     Designations of Confidentiality.  The following are the only methods by which a party can designate information or documents as "Confidential Information:"

NY700403.4
202894-10011

(a) Any party may designate commercially sensitive information as Confidential Information if such information is used by it, or by any parent corporation or affiliate of it, in, or pertaining to, its business or the business of any parent corporation or affiliate of it, such information is not publicly or generally known and would normally not be revealed to third parties, or if disclosed, would require such third parties to maintain such information in confidence. Confidential Information may include, but is not limited to, certain sensitive technical and research information relating to products, certain sensitive business, marketing or financial information, and any similar information.

(b) All Confidential Information contained in any page of any document produced, interrogatory answer, other documentary form of discovery response, or other document may be designated confidential by stamping each and every such page "CONFIDENTIAL." For documents produced in electronic form, the foregoing requirement shall be satisfied if (i) a person viewing the document on a screen in the format in which it is produced will be able to see the word "CONFIDENTIAL" on each page to be designated confidential and (ii) when the document is printed in the format in which it was produced in the Action, each printed page to be designated confidential will contain the word "CONFIDENTIAL." The parties may also designate information in documents as confidential by alternative methods if approved and agreed to in writing by all parties. Each page designated "CONFIDENTIAL" in accordance with this paragraph, and the information contained on such page, shall be considered confidential unless the designating party states in writing that only a portion of the page is to be treated as confidential.

(c) Information contained in deposition testimony may be designated as Confidential Information. Such designation may be made on the record during the deposition. Testimony may also be designated as Confidential Information by stamping the word "CONFIDENTIAL" on those pages of the deposition transcript claimed to contain Confidential Information and serving a copy of said designated pages upon all parties within 5 business days of receipt of the final transcript from the court reporter. Unless otherwise agreed in writing or on the record at a deposition, all deposition testimony shall be deemed and treated by all persons as Confidential Information hereunder pending expiration of the 5 business day period in the preceding sentence.

2. All information or materials designated as Confidential Information shall be deemed to be Confidential Information hereunder, unless and until counsel for the parties, including third parties in the case of information provided and designated as Confidential Information by such third parties, stipulate in writing that such specifically identified Confidential Information may be declassified or unless the Court rules otherwise.

3. All Confidential Information shall be used by the party receiving it (the "Receiving Party") solely in connection with this Action and may not be used or disclosed except as provided in this Stipulation and Order. The Receiving Party is barred from using Confidential Information to further the business interests of any party hereto (other than the prosecution of claims or preparation of defenses in this Action) or the business interests of any other person, firm, corporation or other entity. All Confidential Information shall be maintained in confidence by the Receiving Party, and may not be disclosed or made available to any person other than:

    (a) attorneys of record and in-house attorneys for the parties in this Action, or any parent corporation or affiliate thereof, and attorneys, clerical, paralegal and other staff employed by such attorneys who are assisting in this Action;

    (b) any person who was involved in the preparation of the document or information or who is shown as a recipient, sender or author of the Confidential Information; provided, however, that said person may not disclose or use such Confidential Information except as provided herein and may use the Confidential Information solely for assisting in this Action;

    (c) such officers, directors, partners, employees, or agents of the parties, or any parent corporation or affiliate thereof, who in good faith, are required to provide assistance in this Action; provided, however, that said person(s) may not disclose or use such Confidential Information except as provided herein and may use the Confidential Information solely for assisting in this litigation;

    (d) any court reporters employed in connection with this Action;

    (e) third parties, including experts or consultants, engaged by counsel or the parties solely to assist in this Action; provided, however, that said person may not disclose or use such Confidential Information except as provided herein and may use the Confidential Information solely for assisting in this Action; and

    (f) the Court and its designee(s).

4. All recipients identified in Paragraph 3(e) shall, prior to seeing any Confidential Information, review a copy of this Stipulation and Order and shall sign an

undertaking, in the form attached hereto as Exhibit A, that such person agrees to be bound by its terms.

     5.    Any testimony about any document identified as Confidential Information produced in the Action shall be deemed to be Confidential Information without further designation.

     6.    Confidential Information shall not be disclosed to any persons other than persons specified in Paragraph 3, except that nothing contained herein shall prevent any party from (a) disclosing its own Confidential Information as it deems appropriate, or (b) disclosing Confidential Information in response to a court order, subpoena or other judicial or administrative process, or otherwise as required by law. If at any time any information designated as Confidential Information and governed by this Stipulation and Order is subpoenaed or requested by a court, an administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed (the "Subpoenaed Party") shall give prompt written notice by facsimile or e-mail to the party or non-party that designated the information as confidential (the "Designating Party") and include a copy of the subpoena or request (unless providing disclosure of the subpoena or request is prohibited by law or court order) to the Designating Party. After the receipt of the notice specified under this paragraph, the Designating Party shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of documents or information designed Confidential Information. If the Designating Party does not move to quash the subpoena, move for a protective order, or seek another appropriate order within the time allowed for the discovery sought by the subpoena or request (or within such time as a court may

direct or as may be agreed upon between the Designating Party and the subpoenaing or requesting party) or give written notice of such motion to the subpoenaing or requesting party and the Subpoenaed Party, the Subpoenaed Party may commence production in response thereto on or after the date designated on the subpoena or request. In all other aspects, the Subpoenaed Party shall cooperate with the Designating Party to the extent permitted by law. Notwithstanding the filing of a motion to quash or for protective order, nothing in this paragraph requires the Subpoenaed Party to withhold production of documents during the pendency of the motion if not permitted by law to do so.

7. This Stipulation and Order shall not apply to what otherwise would be Confidential Information but which already is publicly available or publicly known or comes into the lawful and proper possession of a party other than through discovery in this Action, or which is obtained by a party in any lawful or proper manner from sources other than through discovery in this Action.

8. Only persons identified in Paragraphs 3 will be allowed to attend that portion of any deposition or hearing in which documents designated "Confidential Information" are used with or elicited from the deponent.

9. The inadvertent or unintentional disclosure by a party or non-party of material that is entitled to protection under this Order, regardless of whether the material was designated as "CONFIDENTIAL" at the time of the disclosure, shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific material disclosed or to any other information relating thereto or on the same or related subject matter. If information is mistakenly disclosed by a Producing Party without being designated as

"Confidential Information" and the Receiving Party is notified in writing of the error, then such information shall be considered from the point of notification forward as having been designated as "Confidential Information."

        10.    Nothing in this Stipulation and Order shall relieve or otherwise modify or alter any pre-existing obligations of a party to the Action to refrain from disclosing, using or otherwise disseminating Confidential Information.

        11.    A Receiving Party may object to the designation of a document or information as Confidential Information by notifying counsel for the Producing Party in writing of such objection. Within five (5) business days thereafter, counsel will confer in person or by telephone to attempt to reach agreement as to the classification and treatment of such disputed classification of documents or information. If counsel do not reach agreement, any party may apply to the Court for a ruling. As provided in Paragraph 2, documents and information designated "Confidential Information" shall continue to be treated as such until a different determination is made by written agreement of attorneys of record or by a ruling of the Court.

        12.    All documents or exhibits containing "Confidential Information," including, but not limited to, motions, briefs, memoranda or other pleadings that disclose or discuss Confidential Information, that are filed with the court shall be separately filed in a sealed envelope, or other appropriately sealed container, which shall be endorsed with a brief description of the contents and the following identification of this Action: *Bourne Co. v. Twentieth Century Fox Film Corporation, et al.*, 07 Civ. 8480 (DAB)." The envelope or container shall also be endorsed with the following statement:

        FILED UNDER SEAL SUBJECT TO PROTECTIVE ORDER.

> The materials contained in this envelope or container have been
> designated "CONFIDENTIAL" pursuant to a Protective Order,
> and are not to be disclosed or revealed except to the Court or
> counsel of record for the parties, unless otherwise ordered by the Court.

Such envelope or sealed container may be opened and its contents reviewed only by authorized Court personnel or upon written consent of counsel of record.

13. At the conclusion of this Action, all Confidential Information produced herein by any party and all copies of same, and all documents or portions thereof containing Confidential Information produced by any party and all copies of same, shall be promptly returned to the Producing Party. Alternatively, the Receiving Party may destroy the Confidential Information. Attorneys of record shall certify in writing within thirty (30) days of the final termination of the Action that such documents have been returned or destroyed. No person or party shall be deemed in breach of this paragraph until and unless they or their counsel have received a written demand for compliance herewith made after compliance became due and thirty (30) days have elapsed without compliance.

14. Attorneys of record may retain their work product and all briefs, pleadings, hearing exhibits and other filings with the Court that incorporate or disclose Confidential Information, but such documents shall remain subject to the terms and conditions of this Stipulation and Order.

15. Nothing in this Stipulation and Order shall require disclosure of any thing that a party contends is protected from disclosure by the attorney-client privilege, work-product doctrine or any other legally recognized privilege or basis for challenging disclosure. The inadvertent production of any document or information during discovery in this Action shall be without prejudice to any claim that the disclosed document or information is privileged under the

attorney-client privilege, work-product doctrine or any other legally recognized privilege or basis for challenging disclosure, and a Producing Party shall not be held to have waived any rights by such inadvertent production. Upon written request by the Producing Party, the Receiving Party shall return the original and all copies of documents identified as inadvertently produced and shall not use such information for any purpose unless allowed by order of the Court.

16. Nothing herein contained shall be construed to limit any party from opposing discovery on any grounds, including objections based on confidentiality, that would otherwise be available. This Stipulation and Order shall not limit any party's right to seek further and additional protection against, or limitation on, production or dissemination of information and documents or their contents.

17. Nothing shall prevent disclosure beyond the terms of this Stipulation and Order if the Producing Party consents to such disclosure in writing, or if the Court orders such disclosure. On notice, any party may apply to the Court for relief related to, or from, this Stipulation and Order.

18. The parties may modify this Stipulation and Order only in writing, which may take the form of a countersigned letter, or by making an agreed statement in a deposition or hearing transcript. This Stipulation and Order may also be modified by the Court at any time for good cause shown.

19. The terms and conditions of this Stipulation and Order shall survive and remain in full force and effect after the termination of this Action. The Court retains jurisdiction over the parties for purposes of enforcement of the provisions of this Stipulation and Order following the termination of this Action.

Dated: February 7, 2008

STIPULATED TO BY THE PARTIES:

MOSES & SINGER LLP

*[signature]*

Ross Charap (RC-2584)
Paul M. Fakler (PF-0249)
Julie Stark (JS-8925)
Amanda J. Schaffer (AS-2004)
405 Lexington Ave
New York, NY 10174-1299
Tel.: (212) 554-7800
Fax: (212) 554-7700

Attorneys for Plaintiff

LOEB & LOEB LLP

*[signature]*

Jonathan Zavin (JZ-1846)
Jacques M. Rimokh (JR-0745)
345 Park Avenue
New York, NY 10154-0037
Tel.: (212) 407-4000
Fax: (212) 407-4990

Attorneys for Defendants

**SO ORDERED:**

Dated: New York, New York
~~February~~ ___, 2008
May 22, 2008

*[signature]*
HON. DEBORAH A. BATTS
United States District Judge

## EXHIBIT A
## DECLARATION

By my signature, I hereby acknowledge that I have read the STIPULATION AND ORDER GOVERNING THE PRODUCTION OF DOCUMENTS AND INFORMATION stipulated and agreed to by the parties in the case captioned *Bourne Co. v. Twentieth Century Fox Film Corporation, et al.*, 07 Civ. 8480 (DAB), pending in the Southern District of New York, and agree to be bound by the terms thereof including, without limitation, that I may use Confidential Information solely for the purposes of assisting counsel in this Action and not for any business, commercial, competitive, personal or any other purpose whatsoever.

Dated: _____        _____
                                  (Signature)

                                  _____
                                  Signatory's Name and Address

                                  _____
                                  _____

NY700403.4
202894-10011