Ross Charap (RC-2584)
Paul M. Fakler (PF-0249)
Julie Stark (JS-8925)
Amanda J. Schaffer (AS-2004)
MOSES & SINGER LLP
405 Lexington Avenue
New York, New York 10174-1299
Tel.: 212-554-7800
Fax: 212-554-7700
pfakler@mosessinger.com
*Attorneys for Plaintiff, Bourne Co.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
BOURNE CO.,                                                          :
                                                                     :
          Plaintiff,                                                 :
                                                                     :     07 Civ. 8580 (DAB)
     - against -                                                     :
                                                                     :     **DECLARATION**
TWENTIETH CENTURY FOX FILM                                           :     **OF MARCO BERROCAL**
CORPORATION, FOX BROADCASTING                                        :
COMPANY, TWENTIETH CENTURY FOX                                       :
TELEVISION, INC., TWENTIETH CENTURY                                  :
FOX HOME ENTERTAINMENT, INC., FUZZY                                  :
DOOR PRODUCTIONS, INC., THE CARTOON                                  :
NETWORK, INC., SETH MACFARLANE,                                      :
WALTER MURPHY,                                                       :
                                                                     :
          Defendants.                                                :
-------------------------------------------------------------------- X

1.   I am the President of Bourne Co. ("Bourne") and, as such, I am fully familiar with the facts set forth in this declaration and the documents attached hereto. I submit this declaration in support of Bourne's Motion for Summary Judgment on Liability and in Opposition to Defendants' Motion for Summary Judgment on Fair Use.

## Bourne's Ownership of When You Wish Upon a Star

2. Bourne was founded in 1919 and is one of the world's largest independent international music publishing companies. Bourne is the sole United States copyright owner of "When You Wish Upon a Star" ("Star").

3. "Star" was written by Leigh Harline and Ned Washington and is one of the most famous songs of all time. The song was originally written for the classic Walt Disney film, "Pinocchio" in which it was sung by Cliff Edwards as the voice of the character Jiminy Cricket. With its theme of wholesome hopefulness, the song has gained worldwide status as a classic.

4. The Walt Disney Company registered its claim to copyright in the unpublished version of Star, as it appears in "Pinocchio," in 1938. Attached hereto as Exhibit "A" is a true and correct copy of that certificate of registration.

5. Bourne's predecessor in interest, Irving Berlin, Inc., purchased all rights to "Star" from the Walt Disney Company in 1939. Attached hereto as Exhibit "B" is a true and correct copy of the assignment of "Star" to Irving Berlin, Inc., dated August 15, 1939.

6. Irving Berlin, Inc. published sheet music for "Star" in 1940, and registered its claim to copyright in that published version of "Star" that same year. Attached hereto as Exhibits "C" and "D" are true and correct copies of that certificate of registration and the sheet music deposit for the registration. Since that time, Bourne (including its predecessors) has published and registered its copyright in many other arrangements of "Star."

7. In 1944, Irving Berlin, Inc. changed its corporate name to Bourne, Inc.. Attached hereto as Exhibit "E" is a true and correct copy of the Certificate of Change of Name of Irving Berlin, Inc. to Bourne, Inc., dated September 26, 1944.

8.  In 1961, Bourne Inc. was converted to a proprietorship, and the name was changed to Bourne Co. Attached hereto as Exhibit "F" is a true and correct copy of the Business Certificate evidencing that Bourne Co. is the successor in interest to Bourne, Inc., dated June 30, 1961.

9.  Bourne renewed its copyright in the unpublished version of "Star" in 1966. Attached hereto as Exhibit "G" is a true and correct copy of the certificate of renewal registration.

10. Bourne renewed its copyright in the published version of "Star" in 1967. Attached hereto as Exhibit "H" is a true and correct copy of the certificate of renewal registration.

### The Popularity of When You Wish Upon a Star

11. "Star" has only grown in popularity since it was introduced in 1940. Since then, the song has been recorded by over 100 performing artists and orchestras and has become a cultural treasure, epitomizing the wonders of childhood and the powers of love, hope and belief.

12. The American Film Institute recently ranked "Star" seventh in the AFI's list of the 100 Greatest Songs in Film History. The beautiful and heartfelt lyrics are known the world over.

13. Star is considered to be a standard and is used extensively in commercials, television and film. Although we license "Star" to Disney for various uses, most of our licenses of "Star" are not to Disney. We own and license many other songs from Disney movies and are familiar with how these songs are viewed and used. From my experience, "Star" is not associated with Walt Disney personally.

14.     Star is one of Bourne's most important and valuable songs.

### Defendants' Use is Harming the Value of When You Wish Upon a Star

15.     "Star" has a unique value that arises from its fame and association with wholesome and sweet themes. When licensees seek to use a song like "Star" in a movie, television show or commercial, they choose "Star" over other songs because of the feelings and themes the song evokes. For this reason, Bourne will not license the use of "Star" in ways that will damage that association.

16.     That is not to say that we will only license "Star" for stodgy or serious uses. To the contrary, and as set out in more detail in the Declaration of Jerry Horan ("Horan Decl."), we have licensed many comedic and irreverent uses of "Star." The important point for us is that even where the song is used in a funny way, the use is not highly offensive in a way that would cause negative associations with "Star."

17.     The reason Bourne would not license Defendants' use of "Star" is not because that use makes fun of "Star." Their use does not make fun of or criticize "Star" in any way. Rather, we would not license such a use because it associates "Star" with highly offensive and hurtful lyrics that portray Jewish stereotypes and the claim that Jews as a people are responsible for killing Jesus Christ as amusing and funny.

18.     If uses such as Defendants' unlicensed use were widespread, it would cause grave damage to Bourne's business. First, a greater number of highly offensive uses would further harm the reputation of Star. Second, we would be deprived of licensing revenue to which we are entitled for such uses. Third, those unlicensed uses would compete with and substitute for our licensed comedic uses, suppressing demand for licensed uses.

19. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2008, at New York, NY.

_____<br>Marco Berrocal