# *EXHIBIT H*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOURNE CO.,                                  )
                                             )
            Plaintiff,                       )         ORIGINAL
                                             )
     vs.                                     ) No. 07 CIV. 8580(DAB)
                                             )
TWENTIETH CENTURY FOX FILM                   )
CORPORATION, FOX BROADCASTING                )
COMPANY, TWENTIETH CENTURY FOX               )
TELEVISION, INC., TWENTIETH                  )
CENTURY FOX HOME ENTERTAINMENT,              )
INC., FUZZY DOOR PRODUCTIONS,                )
INC., THE CARTOON NETWORK, INC.,             )
SETH MAC FARLANE, WALTER MURPHY,             )
                                             )
            Defendants.                      )
_____         )


RULE 30(B)(6) DEPOSITION OF FOX EMPLOYEE
LIANNE SIEGEL SHATTUCK
TAKEN ON
THURSDAY, MARCH 13, 2008



Reported by:
Daryl Baucum, RPR, CRR, CBC, CSR No. 10356

1   Q.  And these changes were made?

2   A.  Yes.

3   Q.  During season two of the Family Guy, did Fox approve the "When You Wish Upon a Weinstein" episode for broadcast?

6   MR. ZAVIN:  Objection; just the confusion again treating Fox as one entity.

8   BY MR. FAKLER:

9   Q.  Did any Fox entity approve the Weinstein episode for broadcast?

11  A.  Well, 20th Century Fox Television, the studio I work for, approved it creatively.

13  Q.  And do you know if standards and practices approved it for broadcast?

15  A.  No, I believe they did not at that time.

16  Q.  At that time.

    And was the episode aired as part of season two?

19  A.  No.

20  Q.  And I think what you were alluding to as at a certain time the episode was aired by Fox Broadcasting.

22  A.  Yes.

23  Q.  And why did Fox change its position on that?

24  A.  Well, by that time it had already aired several times on Cartoon Network and it had also been released

1  on DVD and there was no public outcry or comment on it.
2  So they felt it was safe to air.
3      Q.   With respect to the Fox defendants in this
4  lawsuit, is it their contention that Walt Disney was an
5  antisemite?
6          MR. ZAVIN:  Objection; she's not -- she's here
7  to answer factual things.  She is not here to answer
8  contentions.  You know the contentions but this is
9  not --
10          MR. FAKLER:  This is a foundation question.  I
11  will get to the facts in a second.
12          MR. ZAVIN:  Well, that one -- she is not here
13  to answer legal contentions.
14          MR. FAKLER:  That's a factual contention,
15  whether he was an antisemite.  That is not a legal
16  contention.
17          MR. ZAVIN:  No.
18          MR. FAKLER:  That was a claim that you are
19  making in this lawsuit.
20          MR. ZAVIN:  That is correct.
21          MR. FAKLER:  That is a factual claim that
22  defendants are making in this lawsuit.
23          MR. ZAVIN:  No.  And by the way, I think you
24  are incorrect.
25          MR. FAKLER:  Okay.

1   MR. ZAVIN: There is no claim that he is an
2   antisemite. The claim is neither I, nor you, nor anyone
3   else knows. The man has been dead for quite some time.
4   The claim is he had a public reputation and was publicly
5   thought to be an antisemite.
6   MR. FAKLER: Okay.
7   MR. ZAVIN: And it's still a contention that
8   it's not appropriate for this witness.
9   MR. FAKLER: Are you going to instruct her not
10  to answer that question?
11  MR. ZAVIN: Yes. I mean are you really
12  pressing it, Paul? I will stipulate --
13  MR. FAKLER: It's a foundation question to move
14  on.
15  MR. ZAVIN: I will stipulate that it is the
16  position of these defendants that Mr. Disney had a
17  public reputation as an antisemite.
18  BY MR. FAKLER:
19      Q. Do any of the Fox defendants have any basis for
20  that position, that he -- that Walt Disney is publicly
21  perceived as having been an antisemite?
22      A. I don't know. I don't know what the basis for
23  that would be.
24      Q. Prior to this dispute -- and I can represent to
25  you that the -- this dispute in this lawsuit first began