# *EXHIBIT J*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

BOURNE CO.,                         )
                                    )
            Plaintiff,              )        ORIGINAL
                                    )
      vs.                           )  No. 07 CIV. 8580(DAB)
                                    )
TWENTIETH CENTURY FOX FILM          )
CORPORATION, FOX BROADCASTING       )
COMPANY, TWENTIETH CENTURY FOX      )
TELEVISION, INC., TWENTIETH         )
CENTURY FOX HOME ENTERTAINMENT,     )
INC., FUZZY DOOR PRODUCTIONS,       )
INC., THE CARTOON NETWORK, INC.,    )
SETH MAC FARLANE, WALTER MURPHY,    )
                                    )
            Defendants.             )
_____ )

RULE 30(B)(6) DEPOSITION OF FOX EMPLOYEE

DAVID ZUCKERMAN

TAKEN ON

THURSDAY, MARCH 13, 2008

Reported by:

Daryl Baucum, RPR, CRR, CBC, CSR No. 10356

1    relating to this litigation?

2        A.    No.

3        Q.    Other than any particular discussions that you

4    had with your lawyers, what have you done in the past

5    week to prepare for this deposition?

6        A.    I rewatched the episode "When You Wish Upon a

7    Weinstein."

8        Q.    Did you do anything else?

9        A.    No.

10       Q.    Have you talked to Seth MacFarlane?

11       A.    No.

12       Q.    Have you reviewed any deposition transcripts?

13       A.    No.

14       Q.    What personal involvement did you have with the

15   story development for the Weinstein episode?

16       A.    The only specific recollection I have about the

17   Weinstein episode was the third act was not working, and

18   I think it was my idea to do the whole quickie Bah

19   Mitzvah element of the third act.

20       Q.    So that's the only element of the show that you

21   recall personally being involved in the writing of?

22       A.    Well, as executive producer, I was involved in

23   every aspect of every episode.  So I don't know if you

24   are asking what my specific contributions are or in

25   general what my duties are.

1          Q.    Good.    Thanks.

2               I am asking what your specific -- what you

3      specifically did with respect to that specific episode.

4               MR. ZAVIN:    Objection; just because I think

5      that is still ambiguous.

6      BY MR. FAKLER:

7          Q.    You can answer it if you understand it.

8          A.    I would just say that as executive producer on

9      a show, I was involved in story development, giving

10     notes on the outline once the story outline came in and

11     rewriting the script as it came in.

12              I don't remember -- you know, did I

13     specifically write this line or that line, I don't have

14     any recollection -- I don't remember.

15         Q.    Do you remember giving -- doing all of those

16     things, giving comments and such, with respect to this

17     particular episode?

18         A.    Yes, as I did on every episode.

19         Q.    Is there a process for submitting the script

20     for approval to the Standards and Practices Department

21     at Fox?

22         A.    You are speaking in general or specifically on

23     this episode?

24         Q.    First, in general.

25         A.    We wrote the script; we rewrote to our

1    possible answering your questions.  What I thought you

2    were asking for was specifics that I didn't have.

3    BY MR. FAKLER:

4        Q.    And you believe that I wasn't asking you for

5    what the content of those discussions were?

6        A.    I answered your question.

7        Q.    Okay.  The discussions that you had with --

8    these discussions about Walt Disney and his alleged

9    antisemitism that you just discussed, when were those

10   discussions?

11           When did they take place in the process of

12   producing the show?

13       A.    After the script was written, after the table

14   read -- I don't recall if it was before the episode was

15   recorded or not, but certainly before the episode was in

16   animatic, certainly.  It would have to be because, you

17   know, we wouldn't have been able to record the lyrics

18   until we had resolved these issues.

19           So it would have to be after the table read

20   before the record -- before the record of the song.  We

21   may have recorded the dialogue.

22       Q.    And with respect to the juxtaposition of "When

23   You Wish Upon A Star," the theme of that Disney song

24   with Peter's wish, which is more vulgar, was that

25   juxtaposition meant to ridicule the Disney song or

1    Peter's beliefs?

2            MR. ZAVIN:  Objection.

3    BY MR. FAKLER:

4        Q.   Can you answer?

5            MR. ZAVIN:  There is no evidence it was meant

6    to ridicule either.

7            MR. FAKLER:  Please, don't coach the witness.

8            MR. ZAVIN:  You have asked a question which is

9    the classic trick question.  You have assumed it was

10   meant to ridicule one or the other.

11           MR. FAKLER:  You made a speaking objection.

12   It's noted for the record.

13           MR. ZAVIN:  Right.

14           MR. FAKLER:  There is an avenue for us to

15   resolve that.

16           THE WITNESS:  I mean I don't think we were

17   trying to ridicule anybody.

18   BY MR. FAKLER:

19       Q.   You don't think you were trying to ridicule

20   Peter's beliefs?

21       A.   Ridicule.  No.

22       Q.   And you weren't trying to ridicule --

23       A.   I think we were just pointing out that they

24   were ignorant.  There is plenty of times when we did

25   ridicule Peter in the episode and in many episodes, but

1    I think it was just supposed to be he is a dumb guy.

2    The song was an illustration of how dumb he is.

3        Q.   Was the song an illustration -- any kind of

4    negative comment on the original Disney song?

5            MR. ZAVIN:  Objection.

6            THE WITNESS:  I mean I don't understand the

7    word "negative."  It was a comment on the Disney song.

8    BY MR. FAKLER:

9        Q.   Was it -- okay.  You don't understand

10   "negative" --

11       A.   Well, I don't think the word "negative"

12   applies, I think I should say.

13       Q.   Okay.

14       A.   Negative.

15           MR. FAKLER:  That's all I have.

16           MR. ZAVIN:  We're done.

17           THE WITNESS:  Okay.  Thanks.

18           MR. FAKLER:  Thanks a lot.

19           MR. ZAVIN:  Thank you.

20           (The deposition was concluded at

21           10:39 a.m.)

22

23

24

25

# *EXHIBIT K*

Jonathan Zavin (JZ-1846)
Jacques Rimokh (JR-0745)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
BOURNE CO.,                                        :

           Plaintiff,            :

      -against-                              :

TWENTIETH CENTURY FOX FILM      :
CORPORATION, FOX BROADCASTING
COMPANY, TWENTIETH CENTURY FOX  :
TELEVISION, INC., TWENTIETH
CENTURY FOX HOME                            :
ENTERTAINMENT, INC., FUZZY DOOR
PRODUCTIONS, INC., THE CARTOON      :
NETWORK, INC., SETH MACFARLANE,
WALTER MURPHY,                              :

        Defendants.             :

-------------------------------------------------------- X

07 Civ. 8580 (DAB)

**DEFENDANT WALTER MURPHY'S
RESPONSES AND OBJECTIONS TO
PLAINTIFF'S REQUESTS FOR
ADMISSION**

       Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Walter Murphy

("Murphy" or "Defendant") hereby responds and, by his attorneys, objects to plaintiff Bourne

Co.'s Requests for Admission to Walter Murphy (the "Requests") as follows:

<u>**GENERAL OBJECTIONS**</u>

       The following General Objections apply to and are incorporated in each individual

response herein, whether or not expressly incorporated by reference in such response.

      1.     Defendant objects to the Requests to the extent they purport to impose obligations

beyond those required by the Federal Rules of Civil Procedure and to the extent they seek

information beyond that permitted by such Rules, including, without limitation, information protected by the attorney-client, attorney work product or other relevant privileges.

2.    Defendant objects to the Requests to the extent they are vague, ambiguous, overbroad and/or fail to describe the information sought with reasonable particularity and, therefore, require Defendant, to the best of his ability, to make a subjective determination as to what information or proposition is sought to be admitted.

3.    Defendant objects to the Requests, and specifically to the "Definitions," on the grounds that the definition of Defendant is overbroad, unduly burdensome, unreasonable and oppressive with respect to its inclusion of "his employees, agents, assigns and representatives of any kind." Defendant expressly disavows any obligation to respond to the Requests beyond those posed under the Federal Rules of Civil Procedure, and except as otherwise set forth expressly herein, for purposes of further responding to the Requests, Defendant will not undertake to respond on behalf of any person or entity other than Defendant identified above.

4.    Defendant objects to the Requests, and specifically to paragraph 15 of the "Definitions," as being vague and ambiguous as to which version of the song "When You Wish Upon a Star" Plaintiff refers. Unless indicated otherwise herein, Defendant's responses to Requests using the title "When You Wish Upon a Star" shall refer to the song as it appears in Walt Disney's feature film *Pinocchio*. Further, no admission that Plaintiff "owns" any version of "When You Wish Upon a Star" is to be implied or inferred from Defendant's use of the defined term "When You Wish Upon a Star."

5.    Defendant objects to each Request to the extent it seeks information that is subject to certain confidentiality provisions between Defendant and/or their affiliate companies and others and which may not be disclosed absent the consent of the parties to such contracts.

Defendant objects to each Request to the extent that it purports to require it to disclose information constituting or containing, in whole or in part, trade secrets, confidential or proprietary business information, or nonpublic financial information relating or pertaining to Defendant and/or his affiliated companies, and their past or present employees, representatives or agents, or third parties. In this regard, the Requests: (a) are overbroad, unreasonable, unduly burdensome, vexatious, oppressive and harassing; and (b) seek information that is protected from disclosure under federal and state law. To the extent that the Requests seek information that invades or implicates the privacy rights or confidentiality rights of nonparties to this litigation, Defendant may be under a legal obligation not to disclose such information unless and until such nonparties have had an adequate opportunity to object to the disclosure of such information and to assert their rights. Accordingly, Defendant will not undertake to provide any such information unless and until, <u>inter alia</u>, the rights of such third parties have been adequately addressed.

6.    Defendant objects to each Request to the extent that it seeks admissions with respect to factual matters as to which Defendant has no direct knowledge or involvement, and, is thus more appropriately directed towards other parties in this case, such as defendants Twentieth Century Fox Film Corporation, Fox Broadcasting Company and Twentieth Century Fox Home Entertainment, Inc. (the "Fox Defendants").

7.    Defendant objects to each Request to the extent that it seeks admissions with respect to factual matters as to which Defendant has no direct knowledge or involvement, and, is thus more appropriately directed towards other parties in this case, such as defendants Twentieth Century Fox Film Corporation, Fox Broadcasting Company and Twentieth Century Fox Home Entertainment, Inc. (the "Fox Defendants").

8.      Defendant objects to the Requests to the extent that they are compound and in violation of the rule that "[e]ach matter of which an admission is requested be separately set forth." Fed. R. Civ. P. 36.

9.      Except for matters specifically admitted herein, no admission of any kind or nature whatsoever is to be implied or inferred from these responses.

10.     Defendant reserves his right to supplement, modify or withdraw his responses to the Requests if and when he discovers any additional relevant and responsive information.

11.     In responding to the Requests, Defendant neither waives nor intends to waive, but expressly reserves, any and all objections to the relevance, competence, materiality or admissibility of any information provided.

Subject to and without waiving such objections, which Defendant hereby incorporate into each response given below, Defendant responds to the Requests as follows:

## OBJECTIONS AND RESPONSES

### REQUEST FOR ADMISSION NO. 1:

MacFarlane had heard "When You Wish Upon a Star" prior to the creation of "I Need a Jew."

### RESPONSE TO REQUEST NO. 1:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds:  The Request is vague and ambiguous in its use of the terms "heard," "creation," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Admits.

## REQUEST FOR ADMISSION NO. 2:

Murphy had heard "When You Wish Upon a Star" prior to the creation of "I Need a Jew."

## RESPONSE TO REQUEST NO. 2:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "heard," "creation," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Admits.

## REQUEST FOR ADMISSION NO. 3:

MacFarlane had access to "When You Wish Upon a Star" prior to the creation of "I Need a Jew."

## RESPONSE TO REQUEST NO. 3:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "access," "creation" and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Denies, except admits that MacFarlane had access to "When You Wish Upon a Star" as it appears in *Pinocchio* prior to the creation of "I Need a Jew."

## REQUEST FOR ADMISSION NO. 4:

Murphy had access to "When You Wish Upon a Star" prior to the creation of "I Need a Jew."

## RESPONSE TO REQUEST NO. 4:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "access," "creation," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Denies, except admits that Murphy had access to "When You Wish Upon a Star" as it appears in *Pinocchio* prior to the creation of "I Need a Jew."

## REQUEST FOR ADMISSION NO. 5:

One or more of the Defendants sought a license from Bourne to use "When You Wish Upon a Star" in the Episode.

## RESPONSE TO REQUEST NO. 5:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant denies, except admits that Fox sought a parody license for the song "When You Wish Upon a Star" in connection with the Episode.

**REQUEST FOR ADMISSION NO. 6:**

Bourne refused to grant the license referenced in Request No. 5, above.

**RESPONSE TO REQUEST NO. 6:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Admits.

**REQUEST FOR ADMISSION NO. 7:**

Bourne did not authorize the use of "When You Wish Upon a Star" in connection with the Episode.

**RESPONSE TO REQUEST NO. 7:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "authorize" and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Admits.

**REQUEST FOR ADMISSION NO. 8:**

"I Need a Jew" incorporates musical elements from "When You Wish Upon a Star"

**RESPONSE TO REQUEST NO. 8:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "incorporates," "musical elements," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Admits that "I Need a Jew" incorporates limited musical elements from "When You Wish Upon a Star" for parodic purposes.

**REQUEST FOR ADMISSION NO. 9:**

"I Need a Jew" sounds similar to "When You Wish Upon a Star."

**RESPONSE TO REQUEST NO. 9:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "similar" and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Denies, except admits that limited portions of "I Need a Jew" sound similar to portions of "When You Wish Upon a Star."

**REQUEST FOR ADMISSION NO. 10:**

"I Need Jew" was written in a manner designed to evoke "When You Wish Upon a Star" in the mind of the listener.

**RESPONSE TO REQUEST NO. 10:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "written," "designed," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Denies, except admits that "I Need A Jew" was created in a manner intended to evoke "When You Wish Upon A Star" for parodic purposes.

**REQUEST FOR ADMISSION NO. 11:**

Murphy and MacFarlane based the melody of "I Need a Jew" on the melody of "When You Wish Upon a Star."

**RESPONSE TO REQUEST NO. 11:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "based," "melody," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Denies.

**REQUEST FOR ADMISSION NO. 12:**

The Episode has been distributed on DVD with an accompanying commentary track in which MacFarlane and others discuss the Episode.

**RESPONSE TO REQUEST NO. 12:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant responds:

Admits.

**REQUEST FOR ADMISSION NO. 13:**

The DVD commentary track referenced in Request No. 12, above, contains statements about various popular culture references contained in the Episode.

**RESPONSE TO REQUEST NO. 13:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds:  The Request is vague and ambiguous in its use of the term "popular culture references."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Admits that the DVD commentary track contains statements about some of the popular culture references contained in the Episode

**REQUEST FOR ADMISSION NO. 14:**

The DVD commentary track referenced in Request No. 12, above, does not contain any statement that "I Need a Jew" was intended to comment on or parody "When You Wish Upon a Star."

**RESPONSE TO REQUEST NO. 14:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following

grounds: The Request is vague and ambiguous in its use of the terms "comment" and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Admits.

## REQUEST FOR ADMISSION NO. 15:

The DVD commentary track referenced in Request No. 12, above, does not contain any statement that "I Need a Jew" was intended to comment on or parody Walt Disney.

## RESPONSE TO REQUEST NO. 15:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "comment."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Admits.

## REQUEST FOR ADMISSION NO. 16:

The DVD commentary track referenced in Request No. 12, above, does not contain any statement concerning Walt Disney.

## RESPONSE TO REQUEST NO. 16:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant responds:

Admits.

**REQUEST FOR ADMISSION NO. 17:**

The DVD commentary track referenced in Request No. 12, above, does not contain any statement concerning Walt Disney's alleged anti-Semitism.

**RESPONSE TO REQUEST NO. 17:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant responds:

Admits.

**REQUEST FOR ADMISSION NO. 18:**

"I Need a Jew" has been registered with Broadcast Music, Inc. (BMI), listing only Fox Film Music Corp as the music publisher and Ricky Blitt and Murphy as the songwriters.

**RESPONSE TO REQUEST NO. 18:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant admits.

**REQUEST FOR ADMISSION NO. 19:**

The registration of "I Need a Jew" with BMI allows BMI to issue licenses allowing third parties to publicly perform "I Need a Jew" other than in connection with the Episode.

**RESPONSE TO REQUEST NO. 19:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "issue licenses" and "allows."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's

Requests for Admission, Defendant denies.

**REQUEST FOR ADMISSION NO. 20:**

The registration of "I Need a Jew" with BMI does not indicate that "I Need a Jew" is a derivative work.

**RESPONSE TO REQUEST NO. 20:**

Subject to and without waiver of the foregoing General Objections, each of which is

expressly incorporated herein, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's

Requests for Admission, Defendant admits.

**REQUEST FOR ADMISSION NO. 21:**

The registration of "I Need a Jew" with BMI does not indicate that the song contains any musical elements from "When You Wish Upon a Star."

**RESPONSE TO REQUEST NO. 21:**

Subject to and without waiver of the foregoing General Objections, each of which is

expressly incorporated herein, Defendant further objects to this Request on the following

grounds: The Request is vague and ambiguous in its use of the terms "musical elements" and

"When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections,

Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's

Requests for Admission, Defendant admits.

**REQUEST FOR ADMISSION NO. 22:**

One or more Defendants sought a license to use the song "Mrs. Robinson" in the Episode.

**RESPONSE TO REQUEST NO. 22:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant admits.

**REQUEST FOR ADMISSION NO. 23:**

The license request described in Request No. 22 was denied.

**RESPONSE TO REQUEST NO. 23:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant admits.

## REQUEST FOR ADMISSION NO. 24:

One or more Defendants sought a license to use the song "The Sound of Silence" in the Episode.

## RESPONSE TO REQUEST NO. 24:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant admits.

## REQUEST FOR ADMISSION NO. 25:

The license request described in Request No. 24 was denied.

## RESPONSE TO REQUEST NO. 25:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither

relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant admits.

**REQUEST FOR ADMISSION NO. 26:**

One or more Defendants sought a license to use the song "Be a Clown" in the Episode.

**RESPONSE TO REQUEST NO. 26:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant admits.

**REQUEST FOR ADMISSION NO. 27:**

The license request described in Request No. 26 was denied.

**RESPONSE TO REQUEST NO. 27:**

Subject to and without waiver of the foregoing General Objections, each of which is

expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant admits.

## REQUEST FOR ADMISSION NO. 28:

Early versions of the script for the Episode indicated that "Mrs. Robinson" would be used in the Episode.

## RESPONSE TO REQUEST NO. 28:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "early versions." The Request is also overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Denies, except admits that some versions of the script for the Episode indicated that a portion of "Mrs. Robinson" would be heard in the Episode.

**REQUEST FOR ADMISSION NO. 29:**

"Mrs. Robinson" was not used in the final version of the Episode because the license request for that song was denied.

**RESPONSE TO REQUEST NO. 29:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds:  The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant admits.

**REQUEST FOR ADMISSION NO. 30:**

Early versions of the script for the Episode indicated that "The Sound of Silence" would be used in the Episode.

**RESPONSE TO REQUEST NO. 30:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds:  The Request is vague and ambiguous in its use of the term "early versions."  The Request is also overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Denies, except admits that some versions of the script for the Episode indicated that a brief portion of "The Sound of Silence" would be heard in the Episode.

## REQUEST FOR ADMISSION NO. 31:

"The Sound of Silence" was not used in the final version of the Episode because the license request for that song was denied.

## RESPONSE TO REQUEST NO. 31:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant denies.

## REQUEST FOR ADMISSION NO. 32:

Early versions of the script for the Episode indicated that "Be a Clown" would be used in the Episode.

## RESPONSE TO REQUEST NO. 32:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "early versions." The

Request is also overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Denies, except admits that at least one version of the script for the Episode suggests that "Be a Clown" might be used in the Episode.

## REQUEST FOR ADMISSION NO. 33:

"Be a Clown" was not used in the final version of the Episode because the license request for that song was denied.

## RESPONSE TO REQUEST NO. 33:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant denies.

**REQUEST FOR ADMISSION NO. 34:**

Members of the public have found the Episode to be offensive.

**RESPONSE TO REQUEST NO. 34:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "members of the public," "Episode" and "offensive." The Request is also overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant denies.

**REQUEST FOR ADMISSION NO. 35:**

Members of the public have found "I Need a Jew" to be offensive.

**RESPONSE TO REQUEST NO. 35:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "members of the public," "I Need a Jew" and "offensive." The Request is also overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant denies.

## REQUEST FOR ADMISSION NO. 36:

The Fox Defendants decided not to broadcast or telecast the Episode as part of Season Two of The Family Guy because of concerns that members of the public would find the Episode offensive.

## RESPONSE TO REQUEST NO. 36:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "members of the public," "decided," "broadcast," "telecast," and "offensive." The Request is also overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant denies, except admits that Fox Broadcasting Company initially chose not to broadcast the Episode because of concern that some members of the public might find the Episode offensive.

## REQUEST FOR ADMISSION NO. 37:

The Fox Defendants decided not to broadcast or telecast the Episode as part of Season Two of The Family Guy because of concerns that members of the public would find "I Need a Jew" offensive.

## RESPONSE TO REQUEST NO. 37:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following

grounds: The Request is vague and ambiguous in its use of the terms "members of the public," "decided," "broadcast," "telecast," and "offensive." The Request is also overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Based on the information in the Fox Defendants' Responses and Objections to Plaintiff's Requests for Admission, Defendant denies.

## REQUEST FOR ADMISSION NO. 38:

The Fox Defendants have caused the Episode, including "I Need a Jew" to be publicly performed.

## RESPONSE TO REQUEST NO. 38:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "caused."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Admits.

## REQUEST FOR ADMISSION NO. 39:

The Fox Defendants have caused copies of the Episode, including "I Need a Jew" to be publicly distributed in various media.

## RESPONSE TO REQUEST NO. 39:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following

grounds:  The Request is vague and ambiguous in its use of the terms "caused," "publicly distributed" and "various media."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Denies, except admits that one or more of the Fox Defendants have caused or permitted the Episode, including "I Need a Jew," to be broadcast and cablecast to the public, and have caused or permitted the Episode, including "I Need Jew," to be distributed on DVDs to the public.

## REQUEST FOR ADMISSION NO. 40:

The subject matter of the lyrics to "I Need a Jew" is not related to the subject matter of the lyrics to "When You Wish Upon a Star."

## RESPONSE TO REQUEST NO. 40:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds:  The Request is vague and ambiguous in its use of the terms "subject matter, "related," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Denies.

## REQUEST FOR ADMISSION NO. 41:

The lyrics to "I Need a Jew" do not comment on or criticize the lyrics to "When You Wish Upon a Star."

## RESPONSE TO REQUEST NO. 41:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following

grounds: The Request is vague and ambiguous in its use of the terms "comment," "criticize" and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Denies.

## REQUEST FOR ADMISSION NO. 42:

One or more of the Defendants have obtained licenses to use pre-existing musical compositions in episodes of The Family Guy.

## RESPONSE TO REQUEST NO. 42:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Admits.

## REQUEST FOR ADMISSION NO. 43:

One or more of the Defendants have obtained licenses to change lyrics to pre-existing musical compositions and use such altered musical compositions in episodes of The Family Guy.

## RESPONSE TO REQUEST NO. 43:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither

relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Admits.

**REQUEST FOR ADMISSION NO. 44:**

The melody of "I Need a Jew" could have been written to be less similar to the melody of "When You Wish Upon a Star" while still evoking "When You Wish Upon a Star" in the mind of the listener.

**RESPONSE TO REQUEST NO. 44:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "similar," "melody," "still evolving" and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds:

Denies.

**REQUEST FOR ADMISSION NO. 45:**

Murphy wrote an alternate version of "I Need a Jew" that was different from the version included in the Episode.

**RESPONSE TO REQUEST NO. 45:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Defendant further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "alternate version."

Subject to and without waiving the foregoing objections or the General Objections,

Defendant responds:

Denies, except admits that the version of "I Need a Jew" as recorded in the Episode

differed somewhat from Murphy's version of "I Need A Jew" written prior to the recording of

the Episode.

## REQUEST FOR ADMISSION NO. 46:

The melody of the alternate version identified in Request No. 45, above, is less similar to
the melody of "When You Wish Upon a Star" than the melody of the version included in the
Episode is similar to the melody of "When You Wish Upon a Star."

## RESPONSE TO REQUEST NO. 46:

Subject to and without waiver of the foregoing General Objections, each of which is

expressly incorporated herein, Defendant further objects to this Request on the following

grounds:  The Request is vague and ambiguous in its use if the terms "alternate version,"

"melody," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections,

Defendant responds:

Admits.

## REQUEST FOR ADMISSION NO. 47:

As to each document produced by Murphy and identified on Schedule A, attached hereto,
such document is: (a) genuine and (b) a business record within the meaning of Rules 803(6) and
902(11) of the Federal Rules of Evidence.

## RESPONSE TO REQUEST NO. 47:

Subject to and without waiver of the foregoing General Objections, each of which is

expressly incorporated herein, Defendant responds as follows:

Admits.

Dated: New York, New York
      March 17, 2008

                    LOEB & LOEB LLP

                    By:

                    Jonathan Zavin (JZ-1846)
                    Jacques Rimokh (JR-0745)
                    345 Park Avenue
                    New York, New York 10154-1895
                    (212) 407-4000

                    Attorneys for Defendants