# *EXHIBIT L*

Jonathan Zavin (JZ-1846)
Jacques Rimokh (JR-0745)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
BOURNE CO.,                                         :

              Plaintiff,                    :

       -against-                          :    07 Civ. 8580 (DAB)

TWENTIETH CENTURY FOX FILM                 :    **DEFENDANTS TWENTIETH CENTURY**
CORPORATION, FOX BROADCASTING                   **FOX FILM CORPORATION, FOX**
COMPANY, TWENTIETH CENTURY FOX       :    **BROADCASTING COMPANY AND**
TELEVISION, INC., TWENTIETH                      **TWENTIETH CENTURY FOX HOME**
CENTURY FOX HOME                            :    **ENTERTAINMENT, INC.'S RESPONSES**
ENTERTAINMENT, INC., FUZZY DOOR                  **AND OBJECTIONS TO PLAINTIFF'S**
PRODUCTIONS, INC., THE CARTOON        :    **REQUESTS FOR ADMISSION**
NETWORK, INC., SETH MACFARLANE,
WALTER MURPHY,                             :

             Defendants.                  :

-------------------------------------------------------- X

      Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendants Twentieth

Century Fox Film Corporation ("Fox Film"), including its unit, Twentieth Century Fox

Television ("Fox Television") incorrectly named herein as Twentieth Century Fox Television,

Inc., Fox Broadcasting Company ("Fox Broadcasting") and Twentieth Century Fox Home

Entertainment LLC ("Fox Home Entertainment"), formerly known as Twentieth Century Fox

Home Entertainment, Inc. (referred to herein collectively as the "Fox Defendants" or "Fox"),

hereby collectively respond and object to plaintiff Bourne Co.'s Requests for Admission to All

Fox Defendants (the "Requests") as follows:

## **GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated in each individual response herein, whether or not expressly incorporated by reference in such response.

1.      Fox objects to the Requests to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure and to the extent they seek information beyond that permitted by such Rules, including, without limitation, information protected by the attorney-client, attorney work product or other relevant privileges.

2.      Fox objects to the Requests to the extent they are vague, ambiguous, overbroad and/or fail to describe the information sought with reasonable particularity and, therefore, require Fox, to the best of its ability, to make a subjective determination as to what information or proposition is sought to be admitted.

3.      Fox objects to the Requests, and specifically to the "Definitions," on the grounds that the definition of each or any of the Fox Defendants is overbroad, unduly burdensome, unreasonable and oppressive with respect to its inclusion of any "predecessors, parents, subsidiaries, divisions, directors, officers, employees, agents, members, assigns and any representative of any kind." Each Fox Defendant expressly disavows any obligation to respond to the Requests beyond those posed under the Federal Rules of Civil Procedure, and except as otherwise set forth expressly herein, for purposes of further responding to the Requests, Fox will not undertake to respond on behalf of any person or entity other than the Fox entities identified above.

4.      Fox objects to the Requests, and specifically to paragraph 15 of the "Definitions," as being vague and ambiguous as to which version of the song "When You Wish Upon a Star" Plaintiff refers.  Unless indicated otherwise herein, Fox's responses to Requests using the title

"When You Wish Upon a Star" shall refer to the song as it appears in Walt Disney's feature film *Pinocchio*. Further, no admission that Plaintiff "owns" any version of "When You Wish Upon a Star" is to be implied or inferred from Fox's use of the defined term "When You Wish Upon a Star."

5.     Fox objects to each Request to the extent it seeks information that is subject to certain confidentiality provisions between any of the Fox Defendants and/or their affiliate companies and others and which may not be disclosed absent the consent of the parties to such contracts. Fox objects to each Request to the extent that it purports to require any Fox Defendant to disclose information constituting or containing, in whole or in part, trade secrets, confidential or proprietary business information, or nonpublic financial information relating or pertaining to Fox and/or its affiliated companies, and their past or present employees, representatives or agents, or third parties. In this regard, the Requests: (a) are overbroad, unreasonable, unduly burdensome, vexatious, oppressive and harassing; and (b) seek information that is protected from disclosure under federal and state law. To the extent that the Requests seek information that invades or implicates the privacy rights or confidentiality rights of nonparties to this litigation, Fox may be under a legal obligation not to disclose such information unless and until such nonparties have had an adequate opportunity to object to the disclosure of such information and to assert their rights. Accordingly, Fox will not undertake to provide any such information unless and until, inter alia, the rights of such third parties have been adequately addressed.

6.     Fox objects to the Requests to the extent that they are compound and in violation of the rule that "[e]ach matter of which an admission is requested be separately set forth." Fed. R. Civ. P. 36.

7.    Except for matters specifically admitted herein, no admission of any kind or nature whatsoever is to be implied or inferred from these responses.

8.    Fox reserves its right to supplement, modify or withdraw its responses to the Requests if and when it discovers any additional relevant and responsive information.

9.    In responding to the Requests, Fox neither waives nor intends to waive, but expressly reserves, any and all objections to the relevance, competence, materiality or admissibility of any information provided.

Subject to and without waiving such objections, which the Fox Defendants hereby incorporate into each response given below, the Fox Defendants respond to the Requests as follows:

## OBJECTIONS AND RESPONSES

### REQUEST FOR ADMISSION NO. 1:

MacFarlane had heard "When You Wish Upon a Star" prior to the creation of "I Need a Jew."

### RESPONSE TO REQUEST NO. 1:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "heard," "creation," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 2:**

Murphy had heard "When You Wish Upon a Star" prior to the creation of "I Need a Jew."

**RESPONSE TO REQUEST NO. 2:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "heard," "creation," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 3:**

MacFarlane had access to "When You Wish Upon a Star" prior to the creation of "I Need a Jew."

**RESPONSE TO REQUEST NO. 3:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "access," "creation" and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies, except admits that MacFarlane had access to "When You Wish Upon a Star" as it appears in *Pinocchio* prior to the creation of "I Need a Jew."

**REQUEST FOR ADMISSION NO. 4:**

Murphy had access to "When You Wish Upon a Star" prior to the creation of "I Need a Jew."

**RESPONSE TO REQUEST NO. 4:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "access," "creation," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies, except admits that Murphy had access to "When You Wish Upon a Star" as it appears in *Pinocchio* prior to the creation of "I Need a Jew."

**REQUEST FOR ADMISSION NO. 5:**

One or more of the Defendants sought a license from Bourne to use "When You Wish Upon a Star" in the Episode.

**RESPONSE TO REQUEST NO. 5:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies, except admits that Fox sought a parody license for the song "When You Wish Upon a Star" in connection with the Episode.

**REQUEST FOR ADMISSION NO. 6:**

Bourne refused to grant the license referenced in Request No. 5, above.

**RESPONSE TO REQUEST NO. 6:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 7:**

Bourne did not authorize the use of "When You Wish Upon a Star" in connection with the Episode.

**RESPONSE TO REQUEST NO. 7:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "authorize" and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 8:**

"I Need a Jew" incorporates musical elements from "When You Wish Upon a Star."

**RESPONSE TO REQUEST NO. 8:**

Subject to and without waiver of the foregoing General Objections, each of which is

expressly incorporated herein, Fox further objects to this Request on the following grounds:  The Request is vague and ambiguous in its use of the terms "incorporates," "musical elements," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits that "I Need a Jew" incorporates limited musical elements from "When You Wish Upon a Star" for parodic purposes.

## REQUEST FOR ADMISSION NO. 9:

"I Need a Jew" sounds similar to "When You Wish Upon a Star."

## RESPONSE TO REQUEST NO. 9:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds:  The Request is vague and ambiguous in its use of the terms "similar" and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies, except admits that limited portions of "I Need a Jew" sound similar to portions of "When You Wish Upon a Star."

## REQUEST FOR ADMISSION NO. 10:

"I Need Jew" was written in a manner designed to evoke "When You Wish Upon a Star" in the mind of the listener.

## RESPONSE TO REQUEST NO. 10:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds:  The

Request is vague and ambiguous in its use of the terms "written," "designed," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies, except admits that "I Need A Jew" was created in a manner intended to evoke "When You Wish Upon A Star" for parodic purposes.

## REQUEST FOR ADMISSION NO. 11:

Murphy and MacFarlane based the melody of "I Need a Jew" on the melody of "When You Wish Upon a Star."

## RESPONSE TO REQUEST NO. 11:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "based," "melody," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies.

## REQUEST FOR ADMISSION NO. 12:

The Episode has been distributed on DVD with an accompanying commentary track in which MacFarlane and others discuss the Episode.

## RESPONSE TO REQUEST NO. 12:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 13:**

The DVD commentary track referenced in Request No. 12, above, contains statements about various popular culture references contained in the Episode.

**RESPONSE TO REQUEST NO. 13:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "popular culture references."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits that the DVD commentary track contains statements about some of the popular culture references contained in the Episode.

**REQUEST FOR ADMISSION NO. 14:**

The DVD commentary track referenced in Request No. 12, above, does not contain any statement that "I Need a Jew" was intended to comment on or parody "When You Wish Upon a Star."

**RESPONSE TO REQUEST NO. 14:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "comment" and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 15:**

The DVD commentary track referenced in Request No. 12, above, does not contain any statement that "I Need a Jew" was intended to comment on or parody Walt Disney.

**RESPONSE TO REQUEST NO. 15:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds:  The Request is vague and ambiguous in its use of the term "comment."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 16:**

The DVD commentary track referenced in Request No. 12, above, does not contain any statement concerning Walt Disney.

**RESPONSE TO REQUEST NO. 16:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 17:**

The DVD commentary track referenced in Request No. 12, above, does not contain any statement concerning Walt Disney's alleged anti-Semitism.

**RESPONSE TO REQUEST NO. 17:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 18:**

"I Need a Jew" has been registered with Broadcast Music, Inc. (BMI), listing only Fox Film Music Corp as the music publisher and Ricky Blitt and Murphy as the songwriters.

**RESPONSE TO REQUEST NO. 18:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 19:**

The registration of "I Need a Jew" with BMI allows BMI to issue licenses allowing third parties to publicly perform "I Need a Jew" other than in connection with the Episode.

**RESPONSE TO REQUEST NO. 19:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds:  The Request is vague and ambiguous in its use of the terms "issue licenses" and "allows."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies.

**REQUEST FOR ADMISSION NO. 20:**

The registration of "I Need a Jew" with BMI does not indicate that "I Need a Jew" is a derivative work.

**RESPONSE TO REQUEST NO. 20:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 21:**

The registration of "I Need a Jew" with BMI does not indicate that the song contains any musical elements from "When You Wish Upon a Star."

**RESPONSE TO REQUEST NO. 21:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "musical elements" and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 22:**

One or more Defendants sought a license to use the song "Mrs. Robinson" in the Episode.

**RESPONSE TO REQUEST NO. 22:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 23:**

The license request described in Request No. 22 was denied.

**RESPONSE TO REQUEST NO. 23:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 24:**

One or more Defendants sought a license to use the song "The Sound of Silence" in the Episode.

**RESPONSE TO REQUEST NO. 24:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 25:**

The license request described in Request No. 24 was denied.

**RESPONSE TO REQUEST NO. 25:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 26:**

One or more Defendants sought a license to use the song "Be a Clown" in the Episode.

**RESPONSE TO REQUEST NO. 26:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 27:**

The license request described in Request No. 26 was denied.

**RESPONSE TO REQUEST NO. 27:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

**REQUEST FOR ADMISSION NO. 28:**

Early versions of the script for the Episode indicated that "Mrs. Robinson" would be used in the Episode.

**RESPONSE TO REQUEST NO. 28:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "early versions." The Request is also overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies, except admits that some versions of the script for the Episode indicated that a portion of "Mrs. Robinson" would be heard in the Episode.

## REQUEST FOR ADMISSION NO. 29:

"Mrs. Robinson" was not used in the final version of the Episode because the license request for that song was denied.

## RESPONSE TO REQUEST NO. 29:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

## REQUEST FOR ADMISSION NO. 30:

Early versions of the script for the Episode indicated that "The Sound of Silence" would be used in the Episode.

## RESPONSE TO REQUEST NO. 30:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "early versions." The Request is also overly broad and seeks information that is neither relevant to the subject matter of this action nor

reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies, except admits that some versions of the script for the Episode indicated that a brief portion of "The Sound of Silence" would be heard in the Episode.

## REQUEST FOR ADMISSION NO. 31:

"The Sound of Silence" was not used in the final version of the Episode because the license request for that song was denied.

## RESPONSE TO REQUEST NO. 31:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies.

## REQUEST FOR ADMISSION NO. 32:

Early versions of the script for the Episode indicated that "Be a Clown" would be used in the Episode.

## RESPONSE TO REQUEST NO. 32:

Subject to and without waiver of the foregoing General Objections, each of which is

expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "early versions." The Request is also overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies, except admits that at least one version of the script for the Episode suggests that "Be a Clown" might be used in the Episode.

**REQUEST FOR ADMISSION NO. 33:**

"Be a Clown" was not used in the final version of the Episode because the license request for that song was denied.

**RESPONSE TO REQUEST NO. 33:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies.

**REQUEST FOR ADMISSION NO. 34:**

Members of the public have found the Episode to be offensive.

**RESPONSE TO REQUEST NO. 34:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "members of the public," "Episode" and "offensive." The Request is also overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies.

**REQUEST FOR ADMISSION NO. 35:**

Members of the public have found "I Need a Jew" to be offensive.

**RESPONSE TO REQUEST NO. 35:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "I Need a Jew," "members of the public" and "offensive." The Request is also overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies.

**REQUEST FOR ADMISSION NO. 36:**

The Fox Defendants decided not to broadcast or telecast the Episode as part of Season Two of The Family Guy because of concerns that members of the public would find the Episode offensive.

**RESPONSE TO REQUEST NO. 36:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "members of the public," "decided," "broadcast," "telecast," and "offensive." The Request is also overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies, except admits that Fox Broadcasting Company initially chose not to broadcast the Episode because of concern that some members of the public might find the Episode offensive.

**REQUEST FOR ADMISSION NO. 37:**

The Fox Defendants decided not to broadcast or telecast the Episode as part of Season Two of The Family Guy because of concerns that members of the public would find "I Need a Jew" offensive.

**RESPONSE TO REQUEST NO. 37:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "members of the public," "decided," "broadcast," "telecast," and "offensive." The Request is also overly broad, and seeks

information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies.

## REQUEST FOR ADMISSION NO. 38:

The Fox Defendants have caused the Episode, including "I Need a Jew" to be publicly performed.

## RESPONSE TO REQUEST NO. 38:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "caused."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

## REQUEST FOR ADMISSION NO. 39:

The Fox Defendants have caused copies of the Episode, including "I Need a Jew" to be publicly distributed in various media.

## RESPONSE TO REQUEST NO. 39:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "caused," "publicly distributed" and "various media."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies, except admits that one or more of the Fox Defendants have caused or permitted the Episode, including "I Need a Jew," to be broadcast and cablecast to the public, and have caused or permitted the Episode, including "I Need Jew," to be distributed on DVDs to the public.

## REQUEST FOR ADMISSION NO. 40:

The subject matter of the lyrics to "I Need a Jew" is not related to the subject matter of the lyrics to "When You Wish Upon a Star."

## RESPONSE TO REQUEST NO. 40:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "subject matter, "related," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies.

## REQUEST FOR ADMISSION NO. 41:

The lyrics to "I Need a Jew" do not comment on or criticize the lyrics to "When You Wish Upon a Star."

## RESPONSE TO REQUEST NO. 41:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "comment," "criticize" and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies.

## REQUEST FOR ADMISSION NO. 42:

One or more Defendants have obtained licenses to use pre-existing musical compositions in episodes of The Family Guy.

## RESPONSE TO REQUEST NO. 42:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

## REQUEST FOR ADMISSION NO. 43:

One or more Defendants have obtained licenses to change lyrics to pre-existing musical compositions and use such altered musical compositions in episodes of The Family Guy.

## RESPONSE TO REQUEST NO. 43:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague, ambiguous, overly broad, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Information relating to songs other than "When You Wish Upon a Star" and "I Need a Jew" are irrelevant to the liability issues or defenses in this case.

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

## REQUEST FOR ADMISSION NO. 44:

The melody of "I Need a Jew" could have been written to be less similar to the melody of "When You Wish Upon a Star" while still evoking "When You Wish Upon a Star" in the mind of the listener.

## RESPONSE TO REQUEST NO. 44:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the terms "similar," "melody," "still evolving" and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies.

## REQUEST FOR ADMISSION NO. 45:

Murphy wrote an alternate version of "I Need a Jew" that was different from the version included in the Episode.

## RESPONSE TO REQUEST NO. 45:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds: The Request is vague and ambiguous in its use of the term "alternate version."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Denies, except admits that the version of "I Need a Jew" as recorded in the Episode differed somewhat from Murphy's version of "I Need A Jew" written prior to the recording of the Episode.

## REQUEST FOR ADMISSION NO. 46:

The melody of the alternate version identified in Request No. 45, above, is less similar to the melody of "When You Wish Upon a Star" than the melody of the version included in the Episode is similar to the melody of "When You Wish Upon a Star."

## RESPONSE TO REQUEST NO. 46:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to this Request on the following grounds:  The Request is vague and ambiguous in its use if the terms "alternate version," "melody," and "When You Wish Upon a Star."

Subject to and without waiving the foregoing objections or the General Objections, Fox responds:

Admits.

## REQUEST FOR ADMISSION NO. 47:

As to each document produced by the Fox Defendants and identified on Schedule A, attached hereto, such document is: (a) genuine and (b) a business record within the meaning of Rules 803(6) and 902(11) of the Federal Rules of Evidence.

## RESPONSE TO REQUEST NO. 47:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox responds as follows:

Admits.

Dated: New York, New York
      March 17, 2008

                    LOEB & LOEB LLP

                    By:

                    Jonathan Zavin (JZ-1846)
                    Jacques Rimokh (JR-0745)
                    345 Park Avenue
                    New York, New York 10154-1895
                    (212) 407-4000

                    Attorneys for Defendants