# *EXHIBIT N*

Jonathan Zavin (JZ-1846)
Jacques Rimokh (JR-0745)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

Attorneys for Defendants
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

BOURNE CO.,                                   :

                    Plaintiff,                :

             -against-                        :         07 Civ. 8580 (DAB)

                                              :    **DEFENDANTS TWENTIETH CENTURY**
TWENTIETH CENTURY FOX FILM                         **FOX FILM CORPORATION, FOX**
CORPORATION, FOX BROADCASTING            :         **BROADCASTING COMPANY, and**
COMPANY, TWENTIETH CENTURY FOX  :                  **TWENTIETH CENTURY FOX HOME**
TELEVISION, INC., TWENTIETH                        **ENTERTAINMENT, INC.'S RESPONSE**
CENTURY FOX HOME                         :         **TO PLAINTIFF'S FIRST SET OF**
ENTERTAINMENT, INC., FUZZY DOOR                    **INTERROGATORIES**
PRODUCTIONS, INC., THE CARTOON           :
NETWORK, INC., SETH MACFARLANE,
WALTER MURPHY,                           :

                    Defendants.               :

-------------------------------------------------------- X

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendants

Twentieth Century Fox Film Corporation ("Fox Film"), including its unit, Twentieth Century

Fox Television ("Fox Television") incorrectly named herein as Twentieth Century Fox

Television, Inc., Fox Broadcasting Company ("Fox Broadcasting"), Twentieth Century Fox

Home Entertainment LLC ("Fox Home Entertainment"), formerly known as Twentieth Century

Fox Home Entertainment, Inc. (referred to herein collectively as the "Fox Defendants" or "Fox")

hereby collectively respond and, by their attorneys, object to Plaintiff's First Set of

Interrogatories (the "Interrogatories") to each of them as follows:

## GENERAL OBJECTIONS

1.      Fox objects to each Interrogatory to the extent it calls for or could be construed to

call for information which is protected or privileged from disclosure under the attorney-client

privilege, attorney work-product, or related doctrines.  Inadvertent production of any privileged

document or information otherwise immune from discovery shall not be deemed a waiver of any

applicable privilege or work-product protection.

2.      Fox objects to each Interrogatory to the extent it calls for or could be construed to

call for the production of proprietary or confidential information.  Fox will produce such

information, if it is otherwise responsive, only upon the execution and entry of a mutually

acceptable Protective Order regarding confidentiality.

3.      Fox objects to each Interrogatory on the grounds that it imposes an undue burden

or expense upon Fox, and imposes upon Fox obligations greater than those authorized by the

Federal Rules of Civil Procedure and the Local Rules of the District.  The responses and

objections herein are made in accordance with the Federal Rules of Civil Procedure and the

Local Rules only.

4.      Fox objects to each Interrogatory to the extent it seeks information that is outside

of its knowledge, possession, custody and/or control.

5.      Fox objects to each Interrogatory to the extent it seeks documents or information

which are subject to certain confidentiality provisions between Fox and/or its affiliate companies

and others and which may not be disclosed absent the consent of the parties to such contracts.

Fox objects to each Interrogatory to the extent that it purports to require Fox to disclose

information constituting or containing, in whole or in part, trade secrets, confidential or proprietary business information, or nonpublic financial information relating or pertaining to Fox and/or its affiliated companies, and their past or present employees, representatives or agents, or third party. In this regard, the Interrogatories: (a) are overbroad, unreasonable, unduly burdensome, vexatious, oppressive and harassing; and (b) seek information that is protected from disclosure under federal and state law. To the extent that the Interrogatories seek information that invades or implicates the rights of nonparties to this litigation, Fox may be under a legal obligation not to disclose such information unless and until such nonparties have had an adequate opportunity to object to the disclosure of such information and to assert their rights in the confidentiality of any information. Accordingly, Fox will not undertake to provide any such information unless and until, inter alia, the rights of such third parties have been adequately addressed.

6.    Fox objects to each Interrogatory on the grounds that it calls for or could be construed to call for any information generated by or at the direction of Fox's counsel in anticipation of litigation.

7.    Fox objects to the Interrogatories, and specifically to the "Definitions," on the grounds that the definition of "Fox Defendants" in paragraph 8 of that section is overbroad, unduly burdensome, unreasonable and oppressive with respect to its inclusion of any "predecessors, parents, subsidiaries, affiliates, . . . and any representative of any kind." Fox expressly disavows any obligation to respond to the Interrogatories beyond those posed under the Federal Rules of Civil Procedure, and except as otherwise set forth expressly herein, for purposes of further responding to the Interrogatories, Fox will not undertake to respond on behalf of any person or entity other than the Fox entities identified above.

8.    Fox objects to the Interrogatories to the extent that they fail to specify the information sought with reasonable particularity.

9.    Fox objects to each Interrogatory on the grounds that it calls for the production of documents or information that: (a) is obtainable from some other source that is more convenient, less burdensome, or less expensive and or (b) is already in Plaintiff's possession, custody, or control.

10.    Fox objects to the Interrogatories to the extent that they are vague, ambiguous and overly broad and therefore require Fox, to the best of its ability, to make a subjective determination as to what information or documents are being sought.

11.    Fox objects to each Interrogatory on the grounds that it seeks information that is not relevant, material, or reasonably calculated to lead to the discovery of relevant, material, or admissible evidence.

12.    Fox's Objections and Responses to the Interrogatories are not intended to be and shall not be deemed an admission of the matters stated, implied or assumed by any or all of the Interrogatories. Fox's responses made herein, and the information produced pursuant hereto, shall not constitute a waiver of any objection by Fox to the competency, relevancy, materiality, privilege, or admissibility of any of the Interrogatories, responses, or the content or subject matter of any of them.

13.    Fox's investigation of information and documents that may be responsive to the Interrogatories is continuing, and therefore, it reserves the right to amend, correct, supplement and/or modify any and all of its Responses herein if in the course of this action it becomes aware of additional information and/or documents that are responsive to these Interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving any of the foregoing General Objections, which Fox hereby incorporates into each response given below, Fox responds to the Interrogatories as follows:

## INTERROGATORY NO. 1:

Identify all persons with knowledge concerning the creation, production and post-production of the Episode, including without limitation all persons with knowledge concerning the story told in that episode, and briefly describe the nature of each person's knowledge.

## RESPONSE TO INTERROGATORY NO. 1:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to Interrogatory No. 1 on the following grounds: First, the interrogatory is overbroad, unduly burdensome and unreasonable, to the extent that it seeks information more readily available or equally available to Plaintiff from other, publicly available sources, including the credits of the episode of the television show "The Family Guy" entitled "When You Wish Upon a Weinstein" (the "Episode"). Second, the interrogatory is ambiguous, unduly burdensome, overbroad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence by requesting, for example, the identification of numerous persons who had no material role in the creation of the "I Need a Jew" song or the Episode. On its face, the interrogatory calls for the identification of, among other persons, every person in the general public who ever viewed the Episode. Third, the interrogatory is vague and ambiguous, for among other reasons, because there is no explanation as to who Plaintiff considers to be "creation", "production" or "post-production" staff.

Subject to and without waiver of any of the foregoing General Objections and the foregoing specific objections, Fox responds to the interrogatory as follows:

| Seth MacFarlane | Executive Producer, Writer and Voice Actor |
| Ricky Blitt | Writer of Episode |
| Walter Murphy | Writer of Music, including for the Song. |
| Dan Povenmire | Director |
| Sherry Gunther | Producer |
| Mike Barker | Associate Producer |
| Alex Borstein | Voice Actor (Lois Griffin) and Staff Writer |
| Peter Riegert | Voice Actor (Max Weinstein) |
| Ben Stein | Voice Actor (Rabbi) |
| David Zuckerman | Executive Producer |
| Lance Taylor | Creative Affairs Executive at Fox Broadcasting. |

## INTERROGATORY NO. 2:

Identify all persons that wrote the Episode, including any part thereof, and briefly describe the nature of each person's contribution.

## RESPONSE TO INTERROGATORY NO. 2:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to Interrogatory No. 2 on the following grounds: The interrogatory is vague and ambiguous in its use of the terms "wrote" and "contribution." Subject to and without waiver of any of the foregoing General Objections and the foregoing specific objections, Fox responds to the interrogatory as follows:

Ricky Blitt

Seth MacFarlane

**INTERROGATORY NO. 3:**

Identify all persons with knowledge concerning the creation, production and post-production of "I Need a Jew," including without limitation all persons with knowledge concerning any analysis or discussion of the song as a parody and/or satire of "When You Wish Upon a Star," as admitted in paragraph 3 of the Answer, and briefly describe the nature of each person's knowledge.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to Interrogatory No. 3 on the following grounds: First, Fox objects to this interrogatory because it calls for or can be construed to call for information which is protected or privileged from disclosure under the attorney-client privilege, attorney work-product, or related doctrines. Second, the interrogatory is vague, ambiguous, overbroad, unreasonable, and unduly burdensome in purporting to require identification of "all persons" who ever discussed the Song being a parody and/or satire of "When You Wish Upon a Star." Third, the interrogatory is vague and ambiguous in its use of the terms "knowledge," "analysis" and "discussion."

Subject to and without waiver of any of the foregoing General Objections and the foregoing specific objections, Fox responds to the interrogatory as follows:

Walter Murphy

Seth MacFarlane

Ricky Blitt

**INTERROGATORY NO. 4:**

Identify all persons that created "I Need a Jew," including any and all alternative versions of "I Need a Jew," and briefly describe the nature of each person's contribution.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiver of the foregoing General Objections, each of which is

expressly incorporated herein, Fox further objects to Interrogatory No. 4 on the following

grounds: the interrogatory is vague and ambiguous in its use of the term "created." Further, the

interrogatory is overly broad and unduly burdensome.

Subject to and without waiver of any of the foregoing General Objections and the

foregoing specific objection, Fox responds to the interrogatory as follows:

| Walter Murphy | Writer of Music |
|---|---|
| Seth MacFarlane | Writer of Lyrics, Music and Performer of Song |

## INTERROGATORY NO. 5:

Identify all persons with knowledge concerning the purpose or reason for using the music
of "When You Wish Upon a Star" as a basis for "I Need a Jew" and briefly describe the nature of
each person's knowledge.

## RESPONSE TO INTERROGATORY NO. 5:

Subject to and without waiver of the foregoing General Objections, each of which is

expressly incorporated herein, Fox further objects to Interrogatory No. 5 on the following

grounds:  First, the interrogatory is vague and ambiguous in its use of the terms "using … as a

basis," "music," "knowledge," "purpose" or "reason."  Second, the interrogatory is overly broad

and unduly burdensome

Subject to and without waiver of any of the foregoing General Objections and the

foregoing specific objections, Fox responds to the interrogatory as follows:

Seth MacFarlane

Ricky Blitt

Walter Murphy

**INTERROGATORY NO. 6:**

Identify all persons with knowledge concerning the creation, use and rights clearance for any music in The Family Guy series and briefly describe the nature of each person's knowledge.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to Interrogatory No. 6 on the following grounds:  First, the interrogatory is over broad, unduly burdensome, and oppressive in purporting to require identification of all persons ever involved in the creation, use and rights clearance for every episode of the entire Family Guy series.  Second, the interrogatory is vague and ambiguous in its use of the terms "knowledge," "creation" or "use and rights clearance."

Subject to and without waiver of any of the foregoing General Objections and the foregoing specific objections, Fox responds to the interrogatory as follows:

The following persons have knowledge of the overall creation and use of music in The Family Guy series:

|  |  |
|---|---|
| Seth MacFarlane | |
| Walter Murphy | |
| Ron Jones | Writer of Music for some episodes. |
| Carol Farhat | Vice President Music, Fox Television. |
| Rodney Griffis | Director, TV Music, Fox Television. |

**INTERROGATORY NO. 7:**

Identify all persons with knowledge concerning the decision by any Fox Defendant not to air the Episode as part of Season Two of the Family Guy and briefly describe the nature of each person's knowledge.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to Interrogatory No. 7 on the following grounds:  First, the interrogatory is vague and ambiguous in its use of the terms "air" and "decision."  Second, the interrogatory overly broad, and unduly burdensome.  Third, the interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing General Objections and the foregoing specific objections, Fox responds to the interrogatory as follows:

| | |
|---|---|
| Seth MacFarlane | |
| David Zuckerman | |
| Linda Shima-Tsuno | Director, Broadcast Standards and Practices, Fox Broadcasting |
| Roland McFarland | Vice President, Broadcast Standards and Practices, Fox Broadcasting |
| Ira Kurgan | Executive Vice President, Fox Broadcasting |
| Lance Taylor | Creative Affairs Executive at Fox Broadcasting |
| Kevin Spicer | Broadcast Standards and Practices, Fox Broadcasting |
| Karen Fox | Senior Vice President, Business Affairs, Fox Broadcasting |

**INTERROGATORY NO. 8:**

Identify all persons with knowledge concerning the decision by Cartoon Network to air the Episode, including without limitation persons with knowledge of any decisions whether to change the lyrics of "I Need a Jew," and briefly describe the nature of each person's knowledge.

**RESPONSE TO INTERROGATORY NO. 8:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to Interrogatory No. 8 on the following grounds: First, the interrogatory is vague and ambiguous in its use of the terms "air," "knowledge" and "decision." Second, the interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Third, the interrogatory is overly broad, and unduly burdensome.

Subject to and without waiver of any of the foregoing General Objections and the foregoing specific objections, Fox responds to the interrogatory as follows:

| | |
|---|---|
| Seth MacFarlane | |
| Shannon Keating, | Vice President, Distribution, Twentieth Television |
| Lori Bernstein | Senior Vice President, Legal Affairs, Twentieth Television |
| Doug Hundelt | |
| Kim Manning | Cartoon Network |

**INTERROGATORY NO. 9:**

Identify all persons with knowledge concerning the decision by any Fox Defendant to air the Episode as a re-run and/or in syndication, including without limitation persons with knowledge of any decisions whether to change the lyrics of "I Need a Jew," and briefly describe the nature of each person's knowledge.

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to Interrogatory No. 9 on the following

grounds: First, the interrogatory is vague and ambiguous in its use of the terms "to air," "re-run," "knowledge" and "decision." Second, the interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Third, the interrogatory is overly broad, and unduly burdensome.

Subject to and without waiver of any of the foregoing General Objections and the foregoing specific objections, Fox responds to the interrogatory as follows:

No Fox Defendant has aired the Episode either as a "re-run" or "in Syndication."

**INTERROGATORY NO. 10:**

Identify all persons with knowledge concerning the sales, cost of goods sold, profits, advertising revenues and all other revenues from any exploitation of the Episode or "I Need a Jew," including without limitation the Infringing Products and broadcasts of the Episode or "I Need a Jew" and briefly describe the nature of each person's knowledge.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to Interrogatory No. 10 on the following grounds: : First, the interrogatory is vague and ambiguous in its use of the term "knowledge." Second, the interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Third, the interrogatory is overly broad, and unduly burdensome. Fourth, Defendants have requested that there be bifurcation of discovery on liability and damages in this matter. The interrogatory, which seeks information relating solely to the issue of damages, is premature because the initial scheduling conference in this matter has yet to be held and the Court has not yet been given the chance to rule on the bifurcation request. Defendants will not provide information relating to damages discovery, if at all, until after the Court so orders on the bifurcation request.

## INTERROGATORY NO. 11:

Provide a table and computation of all revenues, costs of such revenues, and profits, including without limitation advertising revenues, from any exploitation of the Episode or "I Need a Jew", including without limitation sales of the Infringing Products and broadcasts or live performances of the Episode or "I Need a Jew," broken down by product type/title and category of revenue.

## RESPONSE TO INTERROGATORY NO. 11:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to Interrogatory No. 11 on the following grounds: First, the interrogatory is entirely improper and was served in violation of Local Rule 33.3. Second, Defendants have requested that there be bifurcation of discovery on liability and damages in this matter. The interrogatory, which seeks information relating solely to the issue of damages, is premature because the initial scheduling conference in this matter has yet to be held and the Court has not yet been given the chance to rule on the bifurcation request. Third, the interrogatory is vague, ambiguous, over broad, not relevant and seeks confidential financial information. Defendants will not provide information relating to damages discovery, if at all, until after the Court so orders on the bifurcation request.

## INTERROGATORY NO. 12:

Identify all persons with knowledge concerning communications among or between any of the Defendants and any other persons concerning "When You Wish Upon a Star," the Episode or "I Need a Jew," including but without limitation communications concerning Plaintiff's copyright infringement claim and briefly describe the nature of each person's knowledge.

## RESPONSE TO INTERROGATORY NO. 12:

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated herein, Fox further objects to Interrogatory No. 12 on the following grounds: First, the interrogatory is vague, ambiguous, overly broad, unreasonable and unduly burdensome in purporting to require Defendants to identify every person with whom any of them

have ever discussed anything relating to a song or a TV episode over more than a 7 year period.

Second, the interrogatory seeks information that is neither relevant to the subject matter of this

action nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 13:**

Identify all fact witnesses you may or intend to present at any phase of this proceeding, whether by affidavit, declaration, deposition, live testimony or otherwise and briefly describe the nature of that person's testimony.

**RESPONSE TO INTERROGATORY NO. 13:**

Subject to and without waiver of the foregoing General Objections, each of which is

expressly incorporated herein, Fox further objects to Interrogatory No. 13 on the following

grounds: The interrogatory is entirely improper and seeks information in violation of Local Rule

33.3.

**INTERROGATORY NO. 14:**

Identify all expert witnesses you may or intend to present at any phase of this proceeding, whether by affidavit, declaration, deposition, live testimony or otherwise and briefly describe the nature of that person's testimony.

**RESPONSE TO INTERROGATORY NO. 14:**

Subject to and without waiver of the foregoing General Objections, each of which is

expressly incorporated herein, Fox further objects to Interrogatory No. 14 on the following

grounds: The interrogatory is entirely improper and is served in violation of Local Rule 33.3

**INTERROGATORY NO. 15:**

For each document produced in response to any document request or interrogatory propounded by Plaintiff in this action, identify all authors and recipients of such document and the person from whose files the document was retrieved for production.

**RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiver of the foregoing General Objections, each of which is

expressly incorporated herein, Fox further objects to Interrogatory No. 15 on the following

grounds:  First, the interrogatory is entirely improper and is served in violation of Local Rule

33.3.  Second, the interrogatory is overbroad and unduly burdensome.

Dated: New York, New York
       January 16, 2008

As to Objections:

LOEB & LOEB LLP

By:

Jonathan Zavin
Jacques Rimokh
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

Attorneys for Defendants

## VERIFICATION

I, Randall F. Kender, declare as follows:

I am Assistant Secretary of defendants Twentieth Century Fox Film Corporation ("Fox Film"), which includes its unit, Twentieth Century Fox Television ("Fox Television") incorrectly named herein as Twentieth Century Fox Television, Inc., Fox Broadcasting Company ("Fox Broadcasting"), and Twentieth Century Fox Home Entertainment LLC ("Fox Home Entertainment"), and have reviewed the foregoing objections and responses to Plaintiff's First Set of Interrogatories to, respectively, Fox Film, Fox Television, Fox Broadcasting, and Fox Home Entertainment. The information set forth in the responses to the Interrogatories is true to the best of my knowledge, information and belief.

Executed on January 16, 2008, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Randall F. Kender

## CERTIFICATE OF SERVICE

JACQUES M. RIMOKH, under penalties of perjury certifies as follows:

I am a member of the law firm Loeb & Loeb, LLP.  I am not a party to the action and I am over 18 years of age.

On January 16, 2008, I served true copies of the below listed documents:

Defendant Seth McFarlane's Responses and Objections to Plaintiff's First Request for the Production of Documents.

Defendant Walter Murphy's Responses and Objections to Plaintiff's First Request for the Production of Documents.

Defendant The Cartoon Network, Inc.'s Responses and Objections to Plaintiff's First Request for the Production of Documents to Each of Them.

Defendants Twentieth Century Fox Film Corporation, Fox Broadcasting Company, and Twentieth Century Fox Home Entertainment, Inc.'s Response to Plaintiff's First Request for the Production of Documents to Each of Them.

Defendant Fuzzy Door Productions, Inc.'s Responses and Objections to Plaintiff's First Request for the Production of Documents.

Defendant Fuzzy Door Productions, Inc.'s Responses and Objections to Plaintiff's First Set of Interrogatories.

Defendant Seth MacFarlane's Responses and Objections to Plaintiff's First Set of Interrogatories.

Defendant Walter Murphy's Responses and Objections to Plaintiff's First Set of Interrogatories.

Defendant The Cartoon Network, Inc's Responses and Objections to Plaintiff's First Set of Interrogatories.

Defendants Twentieth Century Fox Film Corporation, Fox Broadcasting Company, and Twentieth Century Fox Home Entertainment, Inc.'s Response to Plaintiff's First Set of Interrogatories.

The above listed documents were served by first-class mail to the below listed party:

Ross Charap, Esq.
Moses & Singer LLP
405 Lexington Avenue
New York, New York 10174
Attorneys for Plaintiff

Dated:  New York, New York
        January 17, 2008

Jacques M. Rimokh

*EXHIBIT O*



### BRIAN WALLOWS AND PETER'S SWALLOWS
*Written by Allison Adler. Directed by Dan Povenmire.*
As part of his sentence for drunk driving, Brian must care for a mean old hag. Meanwhile, Peter houses an extremely rare bird in his new beard.
*Commentary on "Brian Wallows and Peter's Swallows" by Seth MacFarlane, Seth Green, Daniel Palladino, Allison Adler and Walter Murphy can be heard by accessing the Special Features menu.*
Air date: 1/17/02

### FROM METHOD TO MADNESS
*Written by Mike Barker & Matt Weitzman. Directed by Bert Ring.*
Meg and a young nudist boy hit it off until she brings him home and the Griffins get naked to greet him, as Stewie fails in his quest to become a local acting star.
Air date: 1/24/02

### STUCK TOGETHER, TORN APART
*Written by Mark Hentemann. Directed by Michael Dante DiMartino.*
Peter's jealousy lands him a separation from Lois and a date with Gwyneth Paltrow, whom he thoroughly disgusts, while Brian and Stewie get glued together for an entire week.
Air date: 1/31/02

### ROAD TO EUROPE
*Written by Daniel Palladino. Directed by Dan Povenmire.*
Hoping to join a wholesome TV show family he thinks is real, Stewie hot air balloons to England, while Peter is proud to learn that Lois was once a groupie known as "Loose Lois" to the legendary rock group KISS.
Air date: 2/7/02

### FAMILY GUY VIEWER MAIL #1
*Written by Gene Laufenberg / Seth MacFarlane / Michael Shipley & Jim Bernstein. Directed by Pete Michels / Scott Wood / Michael Dante DiMartino.*
Viewer mail inspires three irreverent tales in which Peter becomes a gelatinous blob, the Griffins develop superhuman abilities and young Peter and Lois live in a warped "Little Rascals"-type alternate reality.
Air date: 2/14/02

## NEVER–BEFORE–AIRED BONUS EPISODE!

### WHEN YOU WISH UPON A WEINSTEIN
*Written by Ricky Blitt. Directed by Dan Povenmire.*
In this controversial unaired episode, an impressive Jewish friend of Peter's, Mr. Weinstein, prompts Peter to encourage Chris to become Jewish so he'll become successful, too.
*Commentary on "When You Wish Upon a Weinstein" by Seth MacFarlane, Ricky Blitt, Mike Barker and Dan Povenmire can be heard by accessing the Special Features menu.*

# STOP MOCKING ME!

©2003 Twentieth Century Fox Home Entertainment, Inc. All Rights Reserved. "Twentieth Century Fox," "Fox," and their associated logos are the property of Twentieth Century Fox Film Corporation. Twentieth Century Fox Home Entertainment, Inc., P.O. Box 900, Beverly Hills, California 90213-0900. For distribution only in the United States. To guarantee proper play back quality, please rent only legitimate copies and return the tape to its original distributor. Unauthorized duplication or distribution of this film and any components is a felony under state or union law. Related copyright enforcement is investigated by the FBI and may constitute a felony punishable by a maximum penalty of up to $250,000 fine. MADE IN U.S.A.

www.foxhome.com