# EXHIBIT A

Ross Charap (RC-2584)
Paul M. Fakler (PF-0249)
Julie Stark (JS-8925)
Amanda J. Schaffer (AS-2004)
MOSES & SINGER LLP
405 Lexington Avenue
New York, New York 10174-1299
Tel.: 212-554-7800
Fax: 212-554-7700
pfakler@mosessinger.com
*Attorneys for Plaintiff, Bourne Co.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

BOURNE CO.,

        Plaintiff,

- against -

TWENTIETH CENTURY FOX FILM
CORPORATION, FOX BROADCASTING
COMPANY, TWENTIETH CENTURY FOX
TELEVISION, INC., TWENTIETH CENTURY
FOX HOME ENTERTAINMENT, INC., FUZZY
DOOR PRODUCTIONS, INC., THE CARTOON
NETWORK, INC., SETH MACFARLANE,
WALTER MURPHY,

        Defendants.
------------------------------------------------------------ X

07 Civ. 8580 (DAB)

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

    Plaintiff, Bourne Co. ("Bourne"), by their attorneys Moses & Singer LLP, hereby respond and object to the First Request for the Production of Documents ("Requests") of Defendant Twentieth Century Fox Film Corporation's ("Fox") as set forth below. Bourne's discovery efforts are continuing and it reserve the right to amend or supplement these responses and objections as may be necessary.

658769v1

## **GENERAL OBJECTIONS**

1.     Plaintiff objects to the Requests to the extent that they purport to impose requirements that are inconsistent with, or not required by, the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

2.     Plaintiff objects to the Requests to the extent that they call for information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or restriction.

3.     Plaintiff's responses to any part of the Requests shall not be deemed an admission or acknowledgment that such Requests call for information that is relevant to the subject matter of this action and is without prejudice to plaintiff's right to contend at trial, or at any stage of the proceedings, that the requested information is inadmissible, irrelevant, immaterial or otherwise objectionable.

4.     Plaintiff's responses to any part of the Requests indicating that Plaintiff will produce responsive documents shall not be deemed an admission or acknowledgment that any responsive documents exist or are within the possession, custody or control of Plaintiff.

5.     Plaintiff objects to No. 2 of Defendant's Definitions and Instructions because Local Rule 26.3 prohibits the use of broader definitions or rules of construction than those set forth in Local Rule 26.3.

6.     Plaintiff objects to No. 3 of Defendant's Definitions and Instructions because it does not specify a reasonable time period for Defendant's Requests.

7. Plaintiff objects to Nos. 5, 10, 12, 13 and 16 of Defendant's Definitions and Instructions because these Definitions and Instructions are broader than those set forth in Local Rule 26.3.

8. Plaintiff objects to No. 11 of Defendant's Definitions and Instructions because the proposed construction concerning the past and present tense is broader than the definitions set forth in Local Rule 26.3 and render the Requests vague.

9. Plaintiff objects to No. 19 of Defendant's Definitions and Instructions because it is unduly burdensome to the extent it seeks production of all electronically stored information, without regard to the reasonable availability of such information, and that it is improper and outside the scope of discovery allowed by the Federal Rules of Civil Procedure to the extent it seeks document not within the possession, custody or control of Plaintiff.

10. Plaintiff objects to No. 21 of Defendant's Definitions and Instructions because it has no basis in the Federal Rules of Civil Procedure or the Local Rules. Plaintiff reserves the right to redact wholly irrelevant information within otherwise responsive documents, just as Defendants have done in this proceeding.

11. Plaintiff objects to No. 22 of Defendant's Definitions and Instructions because it seeks to impose an obligation on Plaintiff beyond any obligation under the Federal Rules of Civil Procedure or the Local Rules.

12. Plaintiff objects to No. 23 of Defendant's Definitions and Instructions because it is unduly burdensome and seeks to impose an obligation on Plaintiff beyond any obligation under the Federal Rules of Civil Procedure or the Local Rules.

13.    Plaintiff objects to No. 25 of Defendant's Definitions and Instructions to the extent any ambiguity cannot reasonably be resolved by Plaintiff.

14.    Each of the foregoing General Objections is incorporated within each of the Responses set forth herein. Subject to and without waiving such General Objections, Plaintiff responds as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1:**    All documents filed by or on behalf of the Plaintiff with the United States Copyright Office concerning the registration, renewal, or assignment of the copyright in the Song.

**Response:**    Subject to Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, responsive to this Request.

**Request No. 2:**    All documents filed in the United States Copyright Office concerning the Song.

**Response:**    Plaintiff objects to this Request because it is overbroad, unduly burdensome, duplicative, and seeks irrelevant information, information not likely to lead to the discovery of admissible evidence, and information equally available to Defendants. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, that Plaintiff filed with the Copyright Office concerning the Song.

**Request No. 3:**    All Correspondence between Plaintiff and the United States Copyright Office concerning the Song.

**Response:**    Subject to Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, constituting correspondence between Plaintiff and the Copyright Office concerning the Song.

658769v1                                        4

**Request No. 4:** A copy of the deposit copy for the Song that was submitted to the United States Copyright Office in connection with the registration and/or renewal of the copyright in the Song that is the subject of this action.

**Response:** Subject to Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, responsive to this Request.

**Request No. 5:** A copy of the Song as it was first published.

**Response:** Subject to Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, responsive to this Request.

**Request No. 6:** A copy of the Song as it was first publicly distributed.

**Response:** Subject to Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, responsive to this Request.

**Request No. 7:** A copy of the music from "When You Wish Upon A Star" that Plaintiff claims is used or copied in "I Need A Jew."

**Response:** Subject to Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, responsive to this Request.

**Request No. 8:** All copies of any sheet music, including any lead sheet, for the Song.

**Response:** Subject to Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, responsive to this Request.

**Request No. 9:**     All documents concerning any pre-existing work on which the Song was based, either with or without authorization.

   **Response:**    Subject to Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, responsive to this Request.

**Request No. 10:**    All documents concerning any request to license or otherwise use the Song in a parodic or satiric work, regardless of whether such request or negotiation resulted in an agreement or actual use of the Song.

   **Response:**    Plaintiff objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Subject to this objection and Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, responsive to this Request.

**Request No. 11:**    All documents concerning any instances where Plaintiff licensed or otherwise authorized the use of the Song in a work that parodies the Song or uses it in a satire of or concerning the Song, or uses it to parody or satirize some other work, person or thing.

   **Response:**    Plaintiff objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege or work product doctrine. Subject to this objection and Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, responsive to this Request.

**Request No. 12:**    All documents concerning any plans or intention Plaintiff may have to license any parodies of the Song in the future, or uses of the Song as satire.

   **Response:**    Plaintiff objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege or work product doctrine. Subject to this objection and Plaintiff's General Objections, Plaintiff will produce non-

privileged documents in its possession, custody or control, if any, responsive to this Request.

**Request No. 13:** All documents concerning any claim of copyright infringement asserted by Plaintiff where the alleged infringer took the position that its use was a protected parody, satire or other fair use.

**Response:** Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or the work-product doctrine, and because it seeks irrelevant information or information not likely to lead to the discovery of admissible evidence.

**Request No. 14:** All documents concerning any communications by or between Plaintiff and any of the Defendants, including its present and former officers, directors, agents, employees and representatives, their subsidiaries, parents, divisions, affiliates, predecessors-in-interest, successors and all other persons or entities acting or purporting to act on behalf of any Defendant concerning the Song.

**Response:** Plaintiff objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine, and because it is overly broad and unduly burdensome. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession custody or control since 1998, if any, responsive to this Request.

**Request No. 15:** All documents or communications Plaintiff sent to or received from any person concerning the Episode or "I Need a Jew."

**Response:** Plaintiff objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine, and because it is overly broad and unduly burdensome. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce non-privileged

documents in its possession custody or control since 1998, if any, responsive to this Request.

**Request No. 16:** Any documents concerning any communications between Plaintiff and any other person or persons concerning the Episode or "I Need a Jew."

**Response:** Plaintiff objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine, and because it is overly broad and unduly burdensome. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession custody or control since 1998, if any, responsive to this Request.

**Request No. 17:** All documents concerning any act or acts of alleged infringement of the Song by any of the Defendants.

**Response:** Plaintiff objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine, and because it seeks information that is in the possession, custody or control of Defendants. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession custody or control since 1998, if any, responsive to this Request.

**Request No. 18:** All documents concerning the date(s) on which any of the Defendants allegedly infringed the copyright in the Song.

**Response:** Plaintiff objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine, because it seeks information that is in the possession, custody or control of Defendants and is wholly duplicative of the preceding Request and directs Fox to Response No. 17, above.

**Request No. 19:** All documents concerning any harm to the market for the Song allegedly caused by the Episode, including "I Need A Jew."

**Response:** Plaintiff objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine, and information concerning Plaintiff's Expert Report(s) and damages as such a request is premature. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, sufficient to evidence Defendants' damage to the value of the Song.

**Request No. 20:** All documents concerning or evidencing any instances of any market substitution between "I Need a Jew" and the Song.

**Response:** Plaintiff objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine, and information concerning Plaintiff's Expert Report(s) and damages as such a request is premature. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, sufficient to evidence any market substitution between "I Need a Jew" and the Song.

**Request No. 21:** Documents concerning the date on, and circumstances under which, Plaintiff first became aware of the Episode or "I Need a Jew."

**Response:** Plaintiff objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine. Subject to this objection and Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, responsive to this Request.

**Request No. 22:** All documents concerning or evidencing any reason or explanation for why Plaintiff did not assert a claim for copyright infringement concerning "I Need A Jew" prior to June 2007.

**Response:** Plaintiff objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine and because it mischaracterizes the facts of this case. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, responsive to this Request.

**Request No. 23:** All documents concerning any analysis of the music in "I Need a Jew."

**Response:** Plaintiff objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine, and information concerning Plaintiff's Expert Report(s) and damages as such a request is premature, and because it is overly broad, unduly burdensome, and seeks information in the possession, custody or control of Defendants. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce non-privileged documents in its possession, custody or control, if any, concerning Plaintiff's analysis of the music in "I Need a Jew" vis-à-vis the Song.

**Request No. 24:** All documents concerning any comparison of the Song and "I Need a Jew."

**Response:** Plaintiff objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine, and information concerning Plaintiff's Expert Report(s) and damages as such a request is premature, and because it is overly broad, unduly burdensome, and seeks information in the possession, custody or control of Defendants. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce non-privileged

documents in its possession, custody or control, if any, concerning Plaintiff's comparison of the Song and "I Need a Jew."

**Request No. 25:**   All synchronization licenses issued by or on behalf of Plaintiff for the Song between October 2003 and September 2007.

   **Response:**   Plaintiff objects to this Request as premature to the extent it seeks information concerning Plaintiff's damages, and because it is overly broad and unduly burdensome. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce documents sufficient to evidence that there was a market for synchronization licenses for the Song during the requested time period.

**Request No. 26:**   All documents concerning any request made between October 2003 and September 2007 to license or otherwise use the Song in an "audiovisual work," as that term is defined in Section 101 of the Copyright Act, regardless of whether such request or negotiation resulted in an agreement or actual use of the Song.

   **Response:**   Plaintiff objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege or the work-product doctrine, and information concerning Plaintiff's damages as such a request is premature, and because it is overly broad and unduly burdensome. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce documents sufficient to evidence that there was a market for licenses to use the Song in an "audiovisual work," as that term is defined in Section 101 of the Copyright Act during that time period.

**Request No. 27:**   All documents concerning any use of the Song where the lyrics of the Song were changed (but still in the English language), whether authorized or not.

   **Response:**   Plaintiff objects to this Request because it is overbroad, unduly burdensome, duplicative, and seeks irrelevant information or information not likely to lead to the discovery of admissible evidence.

**Request No. 28:** All documents supporting Plaintiffs claim in paragraph 30 of the Complaint that " ... Defendants are harming the value of the song."

**Response:** Plaintiff objects to this Request because it is wholly duplicative of Request No. 19 and refers Fox to Response No. 19.

**Request No. 29:** All documents provided by you to any expert witness whose testimony you intend to submit to the Court in this action.

**Response:** Plaintiff objects to this Request because it is premature. Subject to this objection and Plaintiff's General Objections, Plaintiff will produce documents it provides to any expert testifying on its behalf at such time as the parties agree to exchange Expert Reports.

Dated: February 22, 2008
New York, New York

        MOSES & SINGER LLP

By: _____
Ross Charap (RC-2584)
Paul M. Fakler (PF-0249)
Julie Stark (JS-8925)
Amanda J. Schaffer (AS-2004)
405 Lexington Avenue
New York, New York 10174-1299
Tel.: 212-554-7800
Fax: 212-554-7700
pfakler@mosessinger.com

*Attorneys for Plaintiff, Bourne Co.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

BOURNE CO.,

        Plaintiff,

- against -

TWENTIETH CENTURY FOX FILM
CORPORATION, FOX BROADCASTING
COMPANY, TWENTIETH CENTURY FOX
TELEVISION, INC., TWENTIETH CENTURY
FOX HOME ENTERTAINMENT, INC., FUZZY
DOOR PRODUCTIONS, INC., THE CARTOON
NETWORK, INC., SETH MACFARLANE,
WALTER MURPHY,

        Defendants.

------------------------------------------------------------- X

07 Civ. 8580 (DAB)

**CERTIFICATE OF SERVICE**

**Plaintiff's Responses and Objections to Defendant Twentieth Century Fox Film Corporation's First Set of Interrogatorie**

I hereby certify that a true copy of "**Plaintiff's Responses and Objections to Defendant Twentieth Century Fox Film Corporation's First Requests for Production of Documents**" was hand-delivered, this 22nd day of February 2008 to:

    Jonathan Zavin, Esq.
    Loeb & Loeb LLP
    345 Park Avenue
    New York, NY 10154-0037

_____
Raymond Torres

674278v1  009207.0102