# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                        )
BOURNE CO.,                             )
                                        )
            Plaintiff,                  )
                                        )
      -against-                         )
                                        )
TWENTIETH CENTURY FOX FILM CORPORATION, )
FOX BROADCASTING COMPANY, TWENTIETH     )
CENTURY FOX TELEVISION, INC., TWENTIETH )
CENTURY FOX HOME ENTERTAINMENT, INC.,   )
FUZZY DOOR PRODUCTIONS, INC., THE       )
CARTOON NETWORK, INC., SETH MACFARLANE, )
and WALTER MURPHY,                      )
                                        )
            Defendants.                 )
                                        )
Case No. 07 Civ. 8580 (DAB)             )
_____)


        Deposition of KARYN SOROKA held at the
    offices of Loeb & Loeb, 345 Park Avenue, New
    York, New York, on Tuesday, March 4, 2008,
    commencing at 10:00 a.m., before James W.
    Johnson, Registered Professional Reporter and
    a Notary Public of the State of New York.

**Page 14**

```
 1            Soroka
 2    Q.  You can answer.
 3        MS. STARK: You can answer the question.
 4    A.  Well, as I've said in the report, you,
 5  you don't know when a song doesn't get used.
 6  Therefore, I could never conclusively state that X
 7  number of uses has been lost because of this. I
 8  only know that negative associations affect the
 9  desirability of a song.
10    Q.  Do you know the answer to whether
11  something has happened in the past is a question of
12  fact or opinion?
13        MS. STARK: Objection. This is beyond
14     the scope of her expert report. You're asking
15     for her to make a legal conclusion.
16        You can answer if you have --
17        MR. ZAVIN: I think your proper
18     objection is merely to state "objection."
19    Q.  Ms. Soroka, do you know whether if
20  something has happened in the past is a question of
21  fact or opinion?
22    A.  That would be a question of fact.
23    Q.  And as a question of fact do you know
24  whether "I Needed You" has had any effect
25  whatsoever on the licensing or income of "When You
```

**Page 15**

```
 1            Soroka
 2  Wish Upon A Star?"
 3        MS. STARK: Objection, asked and
 4     answered. You can answer again.
 5    A.  Like I said, it's not something that you
 6  would know, because you don't get told when uses
 7  don't happen.
 8    Q.  Have you made any effort to find out
 9  whether anyone failed to license "When You Wish
10  Upon A Star?"
11        MS. STARK: Objection, asked and
12     answered. You can answer again.
13    A.  No.
14    Q.  Okay. Did you talk to anyone at Bourne
15  to see whether any licensing income has diminished
16  for "When You Wish Upon A Star" since 2003?
17    A.  No.
18    Q.  Do you have, as you sit here today do
19  you have any idea whatsoever whether licensing
20  income has increased or decreased since 2003 for
21  "When You Wish Upon A Star?"
22    A.  No.
23    Q.  And you made no effort to find out,
24  correct?
25    A.  Correct.
```

**Page 16**

```
 1            Soroka
 2    Q.  Do you understand what a parody is?
 3        MS. STARK: Objection. Please define
 4     "parody."
 5        MR. ZAVIN: I asked whether she
 6     understands. She can say no, in which case
 7     I'll define it.
 8    Q.  Do you understand what a parody is?
 9    A.  In the legal or the colloquial sense?
10    Q.  The colloquial sense.
11    A.  Yes.
12    Q.  Are you aware that songs have been
13  parodied in the past?
14        MS. STARK: Objection. I need for you
15     to clarify what the colloquial term of
16     "parody" is so I can properly defend this
17     deposition. Please explain to the witness
18     what you mean by "parody."
19        MR. ZAVIN: No, I'll ask the witness to
20     explain it. She's just testified she
21     understands what the colloquial definition of
22     "parody" is.
23    Q.  Please tell us what your understanding
24  is.
25    A.  Well, I think colloquially it's sort of
```

**Page 17**

```
 1            Soroka
 2  mixed up with satire. It's the same sort of open-
 3  ended definition that involves something about
 4  making fun of something.
 5    Q.  Okay. Are you aware that in the past
 6  there have been songs that make fun of other songs?
 7    A.  Yes.
 8    Q.  Have you ever done any studies to see
 9  whether songs that have been parodied suffered
10  diminution in licensing income?
11        MS. STARK: Objection. You are not
12     defining what you're using "parody" as. I
13     need you to state the definition that you are
14     using so that we can properly defend this
15     deposition.
16        MR. ZAVIN: I'm sorry, Ms. Stark. I --
17        MS. STARK: Your question is unclear.
18    Q.  You can answer.
19        MR. ZAVIN: Are you directing the
20     witness not to answer?
21        MS. STARK: I'm asking you to describe
22     "parody" in your question so that the witness
23     can properly answer the question.
24        MR. ZAVIN: I am adopting the witness'
25     definition of "parody."
```

Page 18

```
1            Soroka
2       MS. STARK: The mixture of satire and
3   parody?
4       MR. ZAVIN: Yes.
5       MS. STARK: You can answer.
6   A.  I'm sorry, what's the question again?
7       MR. ZAVIN: Read the question, please.
8       (Record read.)
9   A.  No.
10  Q.  Have you formed an opinion as to whether
11  "I Needed You" is a parody of "When You Wish Upon A
12  Star?"
13      MS. STARK: Objection. This is beyond
14  the scope of her expert report.
15  Q.  You can answer.
16  A.  In which sense?
17  Q.  In your sense.
18  A.  In my -- well, are you saying what I
19  just stated as the non-legal definition of
20  "parody?"
21  Q.  Mm hmm.
22  A.  I guess in the non-legal definition of
23  "parody" it would fall into that, yes.
24  Q.  In your opinion, would a licensee
25  seeking to license "When You Wish Upon A Star"
```

Page 19

```
1            Soroka
2   accept as a substitute "I Needed You?"
3       MS. STARK: I'm sorry, can you repeat
4   the question.
5       MR. ZAVIN: You can read it back.
6       (Record read.)
7       MS. STARK: You can answer. I'm going
8   to object because, again, this idea of market
9   substitution is not part of Ms. Soroka's
10  report, and you're going outside the bounds of
11  her expert report.
12      You can answer if you can.
13  A.  It's such a broad question. There's --
14  licensees could be anything, from a lyric reprint
15  to an artist covering the record. The answer is
16  no, they wouldn't accept it as a substitute, in
17  general.
18  Q.  Do you think someone who wants to
19  purchase a copy of "When You Wish Upon A Star"
20  would -- and let's assume "I Needed You" -- would
21  accept "I Needed You" as a substitute for "When You
22  Wish Upon A Star?"
23      MS. STARK: Objection. I'm going to
24  make a standing objection that you're asking
25  the witness questions that she is not, she's
```

Page 20

```
1            Soroka
2   not been discussing in her report. You're
3   going outside the scope of the report.
4       It's not proper, and this is going to be
5   a standing objection to anything having to do
6   with anything other than what she's discussed
7   in this report. You can answer if you can.
8   A.  No.
9       MR. ZAVIN: Why don't we take a few
10  minutes.
11      (Recess taken.)
12      MR. ZAVIN: I have no further questions.
13      MS. STARK: Okay. We want a chance to
14  correct the transcript, and I guess that's it.
15      (Time noted: 10:28 a.m.)


17  _____
18         KARYN SOROKA

20  Sworn and subscribed to
21  before me this ____ day
22  of _____ 2008.

24  _____
25       NOTARY PUBLIC
```

Page 21

```
2           CERTIFICATE

4   STATE OF NEW YORK )
5                    ) Ss
6   COUNTY OF NEW YORK )

8       I, JAMES W. JOHNSON, a Registered
9   Professional Reporter and Notary Public within
10  and for the State of New York, do hereby
11  certify:
12      That KARYN SOROKA, the witness whose
13  deposition is hereinbefore set forth, was duly
14  sworn by me and that such deposition is a true
15  record of the testimony given by such witness.
16      I further certify that I am not related
17  to any of the parties to this action by blood
18  or marriage and that I am in no way interested
19  in the outcome of this matter.
20      IN WITNESS WHEREOF I have hereunto set
21  my hand this 8th day of March 2008.


23      _____
24           JAMES W. JOHNSON
            Registration #01J05000925
            Commission Expires 9/4/2010
```

6 (Pages 18 to 21)