# MOSES & SINGER LLP



THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800   Fax: 212.554.7700
www.mosessinger.com

Paul M. Fakler
Direct: 212.554.7632  Fax: 917.206.4336
pfakler@mosessinger.com

MEMO ENDORSED

June 5, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 10, 2008

**VIA HAND DELIVERY**

The Honorable Deborah A. Batts
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street
Room 2510
New York, New York 10007

Re:  **Bourne Co. v. Twentieth Century Fox Film Corp., et al., 07 Civ. 8580 (DAB)**

Dear Judge Batts:

    We are counsel for Plaintiff, Bourne Co., in the above-referenced matter. We write, pursuant to the Court's Scheduling Order, to request the Court's permission to file a standard, ten-page reply brief in support of Plaintiff's cross-motion for summary judgment. Plaintiff respectfully suggests that such a reply brief will be helpful to the Court, and is necessary to avoid prejudice to Plaintiff's ability to fairly present its case. Defendants will not be unfairly prejudiced in any way by allowing Plaintiff to file a reply brief. If the Court grants Plaintiff's request, Plaintiff requests that it have ten days from entry of the Court's Order to file a reply brief.   ] DENIED /DAB/

    Plaintiff requests the right to file a reply brief because Defendants' opposition papers contain several misleading arguments and mischaracterizations of the record, which Plaintiff should have the opportunity to correct. For example, Defendants take portions of Plaintiff's deposition testimony out of context to make it appear that Plaintiff somehow "admitted" an absolute lack of market harm for the purpose of the fourth factor inquiry. Plaintiff should be allowed to show, from omitted portions of the deposition, why this testimony is consistent with Plaintiff's case. Similarly, Defendants offer new testimony by their expert, Dr. Ferrara, which was not contained in his expert disclosure and which makes certain allegations about the composer of "I Need a Jew" and Plaintiff's expert that are demonstrably false. After MacFarlane testified at his deposition that he did not write the lyrics to "I Need a Jew" and did not even recall who did, and after identifying Mr. Murphy as the song's composer in their discovery responses, Defendants now try to portray Mr. MacFarlane as the sole author of the entire song. The opportunity to correct such mischaracterizations is the classic reason for allowing moving parties to submit reply briefs.

    Defendants also, for the first time in their opposition papers, raise serious (but meritless) allegations about the parties' conduct of discovery, and ask the Court to exclude crucial evidence presented by Plaintiff. In particular, Defendant's allege that Plaintiff failed to produce certain licenses

696082v1  009207.0102

MEMO ENDORSED

**MOSES & SINGER LLP**

The Honorable Deborah A. Batts
June 5, 2008
Page 2

MEMO ENDORSED

(including licenses granted to Defendants) in discovery and, thus, have somehow "sandbagged" Defendants with this evidence in its motion papers. Nothing could be further from the truth. Defendants never requested production of these licenses. Moreover, all of the licenses for "When You Wish Upon a Star" were produced in chart summary form, and Defendants never requested copies of the actual license agreements. Defendants also improperly ask the Court to take judicial notice of certain allegations that they have failed to support with any evidence. Plaintiff respectfully suggests that considering these new requests without allowing Plaintiff to be heard would gravely prejudice Plaintiff's ability to obtain a fair hearing of its motion.

We anticipate that Defendants will oppose this request, although we do not know how they could allege any unfair prejudice. After all, moving parties (including those who cross-move) are typically allowed to file reply briefs. On the issue of prejudice, we note that the last time they opposed Plaintiff's request to the Court, Defendants alleged that they would be prejudiced by the Court's allowing certain internal memoranda, and the testimony by a former Fox employee discussing those documents, to be filed in the public record. Despite claiming such prejudice, Defendants filed the very deposition testimony they previously identified as highly sensitive as part of their opposition papers, without filing such testimony under seal.

We thank the Court for its attention to this matter.

MEMO ENDORSED

Respectfully submitted,

Paul M. Fakler

cc: Jonathan Zavin, Esq. (via e-mail and mail)

**SO ORDERED**

*Deborah A. Batts*
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE
June 10, 2008

2