UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

BOURNE CO.,                      :

            Plaintiff,        :

      -against-          :

TWENTIETH CENTURY FOX FILM    :    07 Civ. 8580 (DAB)
CORPORATION, FOX BROADCASTING      **DECLARATION OF JONATHAN ZAVIN**
COMPANY, TWENTIETH CENTURY FOX   :   **IN SUPPORT OF DEFENDANTS'**
TELEVISION, INC., TWENTIETH          **MOTION FOR ATTORNEYS' FEES**
CENTURY FOX HOME            :   **AND COSTS** _____
ENTERTAINMENT, INC., FUZZY DOOR
PRODUCTIONS, INC., THE CARTOON    :
NETWORK, INC., SETH MCFARLANE,
WALTER MURPHY,            :

          Defendants.       :

------------------------------------------------------- X

JONATHAN ZAVIN declares as follows under penalty of perjury:

     1.      I am a partner in the law firm Loeb & Loeb LLP, attorneys for the defendants in this action. I am fully familiar with the facts set forth herein and respectfully submit this declaration in support of defendants Twentieth Century Fox Film Corporation (including its unit, Twentieth Century Fox Television, incorrectly named herein as Twentieth Century Fox Television, Inc.), Fox Broadcasting Company and Twentieth Century Fox Home Entertainment, Inc.'s (collectively, "Defendants") motion for attorneys' fees and costs pursuant to § 505 of the Copyright Act.

     2.      Pursuant to contractual agreements, the Fox-entity Defendants listed above were required to indemnify the other defendants in this action, and paid all of the attorneys' fees and costs incurred herein.

3.     At this stage of the proceedings, Defendants seek only an adjudication of Plaintiff's <u>liability</u> to Defendants for their attorneys' fees and costs. Accordingly, pursuant to Fed. R. Civ. P. 54(d)(2)(B) & (C), this declaration will provide a "fair estimate" of the amount of attorneys' fees and costs sought by Defendants on this motion. Defendants will provide any additional documentation or other support for the reasonableness of the amount of their requested attorneys' fees and costs upon the Court's determination that they are entitled to recover their fees and costs from Plaintiffs, or upon the request of the Court.

4.     Each Loeb & Loeb attorney and paralegal who performed professional services for our clients in this case maintained a detailed time record of the services rendered and the time expended on a daily basis. These time records were entered into a computer database that is maintained by Loeb & Loeb's client accounting and billing department in the ordinary course of business and used to create monthly bills. The client account and billing department generated preliminary reports that were reviewed by me, as the primary litigation attorney responsible for this matter, for accuracy and which I revised as necessary. I periodically wrote off time as part of that review process. I also provided Defendants with a courtesy discount from Loeb & Loeb's hourly rates, and did not charge Defendants for certain out-of-pocket expenses, including computerized legal research expenses. The client accounting and billing department entered any revisions and write-offs made by me into a computerized database and generated invoices therefrom.

5.     I have reviewed Loeb & Loeb's billing and time records pertaining to this matter. The total amount billed in attorneys' fees and related nontaxable expenses through March 16, 2009 in connection with the claims in this copyright action was approximately $488,948.46.

6. Defendants also seek an award of taxable costs in defense of this action in the amount of approximately $3,704.05.

7. The fees and costs in this action were increased by Plaintiff's decision to take ten (10) depositions. Plaintiff also served extensive document requests on the Cartoon Network and deposed two of their executives in Atlanta, despite the fact that the Cartoon Network was merely a distributor of the *Family Guy* program and had nothing to do with the creation of the Episode, or the Family Guy Song, in issue.

8. The hourly rates charged by Loeb & Loeb partners, associates and paralegals are similar to those charged by other New York law firms of comparable size and reputation. The rates are reasonable in light of the experience level and backgrounds of the attorneys assigned to represent Defendants in this matter.

9. It is my professional opinion that all the fees and costs represent services that were necessary to secure the result obtained in this case, and that all these expenses were equally necessary to secure the result obtained.

10. Attached hereto as Exhibit A is a true and correct copy of Defendants' Bill of Costs, prepared according to Local Rule 54.1, and submitted for award by the Court simultaneously herewith.

11. Attached hereto as Exhibit B is a true and correct copy of excerpts from from Plaintiff Bourne Co.'s 30(b)(6) deposition transcript, dated February 29, 2008.

12. Attached hereto as Exhibit B is a true and correct copy of excerpts from Karyn Soroka's deposition transcript, dated March 4, 2008.

13. Attached hereto as Exhibit C is a true and correct copy of excerpts from Sandra Wilbur's deposition transcript, dated March 19, 2008.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      March 30, 2009

_____
JONATHAN ZAVIN